IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC. and AMDG, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )  3:07-CV-01022-MHT-CSC |

## ANSWER OF DEFENDANT CSX TRANSPORTATION, INC.

Defendant CSX Transportation, Inc. ("CSXT") answers the allegations contained in the Complaint of Steven Dembo, Patrick Bolt, and Timothy Snyder ("Plaintiffs") as follows:

## ALLEGED COUNT ONE

1. Upon information and belief, Defendant CSXT admits the allegations in Paragraph 1.

2. Upon information and belief, Defendant CSXT admits the allegations in Paragraph 2.

3. Upon information and belief, Defendant CSXT admits the allegations in Paragraph 3.

4. Admitted.

5. Upon information and belief, Defendant CSXT denies the allegations in Paragraph 5.

6. Defendant CSXT denies the allegations in Paragraph 6.

7. Defendant CSXT lacks knowledge or information regarding the allegations contained in Paragraph 7 of the Complaint, and therefore denies the same.

8. Defendant CSXT lacks knowledge or information regarding the allegations contained in Paragraph 8 of the Complaint, and therefore denies the same.

- 2 -

9.     Defendant CSXT admits that on or about December 27, 2005, CSXT sent a letter to Plaintiffs Dembo, Bolt and Snyder that was signed by Denise Purdie.  Defendant CSXT admits the allegations in the second and third sentences of Paragraph 9.  Unless expressly admitted, Defendant CSXT denies the allegations in Paragraph 9.

10.    Defendant CSXT admits the allegations in the first sentence of Paragraph 10.  Defendant CSXT denies the remaining allegations in Paragraph 10.

11.    Defendant CSXT admits that on January 13, 2006, Plaintiffs graduated from the AMDG training course.  Defendant CSXT denies the allegations in the second, third, and fourth sentences of Paragraph 11.  Defendant CSXT lacks knowledge or information regarding the allegations contained in the fifth sentence of Paragraph 11 and therefore denies the same.  Unless expressly admitted, Defendant CSXT denies the allegations in Paragraph 11.

12.    Defendant CSXT denies the allegations in Paragraph 12.

13.    Defendant CSXT denies the allegations in Paragraph 13.

14.    Defendant CSXT denies the allegations in Paragraph 14.

15.    Defendant CSXT denies the allegations in Paragraph 15.

16.    Defendant CSXT denies the allegations in Paragraph 16.

## COUNT TWO

17.    Defendant CSXT re-alleges and incorporates by reference paragraphs 1-16 above as if fully set forth herein.

18.    Defendant CSXT denies the allegations in Paragraph 18.

19.    Defendant CSXT denies the allegations in Paragraph 19.

- 3 -

## COUNT THREE

20.	Defendant CSXT re-alleges and incorporates by reference paragraphs 1-19 above as if fully set forth herein.

21.	Defendant CSXT denies the allegations in Paragraph 21.

22.	Defendant CSXT denies the allegations in Paragraph 22.

23.	Defendant CSXT denies the allegations in Paragraph 23.

24.	Defendant CSXT denies the allegations in Paragraph 24.

## COUNT FOUR

25.	Defendant CSXT re-alleges and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

26.	Defendant CSXT denies the allegations in Paragraph 26.

27.	Defendant CSXT admits that Plaintiffs did not work for CSXT at the Montgomery AWP location.  Except as expressly admitted, Defendant CSXT denies the allegations in Paragraph 27.

28.	Defendant CSXT denies the allegations in Paragraph 28.

## COUNT FIVE

29.	Defendant CSXT re-alleges and incorporates by reference paragraphs 1-28 above as if fully set forth herein.

30.	Defendant CSXT denies the allegations in Paragraph 30.

31.	Defendant CSXT admits that Plaintiffs did not work for CSXT at the Montgomery AWP location.  Except as expressly admitted, Defendant CSXT denies the allegations in Paragraph 31.

32.	Defendant CSXT denies the allegations in Paragraph 32.

LEGAL_US_E # 77187126.1

- 4 -

## COUNT SIX

33.     Defendant CSXT re-alleges and incorporates by reference paragraphs 1-32 above as if fully set forth herein.

34.     Defendant CSXT denies the allegations in Paragraph 34.

35.     Defendant CSXT admits that Plaintiffs did not work for CSXT at the Montgomery AWP location.  Except as expressly admitted, Defendant CSXT denies the allegations in Paragraph 35.

36.     Defendant CSXT denies the allegations in Paragraph 36.

## PRAYERS FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of Plaintiffs' Complaint, Defendant CSXT denies that Plaintiffs are entitled to the relief requested and respectfully requests that:

1.     Plaintiffs' claims be dismissed with prejudice in their entirety;

2.     Each and every prayer for relief contained in Plaintiffs' Complaint be denied;

3.     Judgment be entered in favor of Defendant CSXT;

4.     All costs, including reasonable attorneys' fees, be awarded to Defendant CSXT against Plaintiffs pursuant to applicable law; and that

5.     Defendant CSXT has such other and further relief as this Court may deem just and proper.

In further support of Defendant CSXT's prayer for relief, Defendant CSXT states as follows:

## First Defense

Plaintiffs' claims are preempted, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 184.

- 5 -

**Second Defense**

Some or all of the claims in Plaintiffs' Complaint fail to state a claim upon which relief may be granted by this Court.

**Third Defense**

Any claim for intentional infliction of emotional distress fails because: (1) Defendant CSXT did not act intentionally or recklessly, (2) Defendant CSXT's conduct was not extreme or outrageous, and (3) Defendant CSXT did not cause Plaintiffs severe, emotional distress.

**Fourth Defense**

Plaintiffs claims for fraud fail because actionable fraud cannot be based on statements and promises as to future events or a mere failure to perform promises made.

**Fifth Defense**

Defendant CSXT denies that a causal connection exists between any alleged action by Defendant CSXT and any damages or injuries allegedly suffered by Plaintiffs, the existence of which Defendant CSXT denies.

**Sixth Defense**

Some or all of Plaintiffs' claims are barred by the equitable doctrines of waiver, unclean hands, estoppel, and/or laches.

**Seventh Defense**

To the extent that Plaintiffs have failed to comply with the common-law duty to mitigate their claimed damages, the entitlement to which Defendant CSXT denies, their recovery is barred.

- 6 -

**Eighth Defense**

Plaintiffs are not entitled to recover any compensatory or punitive damages, and any allegations with respect to these damages should be stricken, because Defendant CSXT did not intentionally engage in any malicious or reckless conduct.

Respectfully Submitted,

PAUL, HASTINGS, JANOFSKY       /s/William C. Barker
   & WALKER LLP      William C. Barker (BAR109)
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222      Counsel for Defendant
(404) 815-2400 (telephone)      CSX Transportation, Inc.

- 7 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:07-CV-01022-MHT-CSC |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **ANSWER OF DEFENDANT CSXT** on all parties to this action via the Court's electronic filing system:

Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Ste. 400
2015 Second Avenue North
Birmingham, Alabama 35203

This is the 26th day of November, 2007.

                                                       /s/William C. Barker
                                                       Attorney for Defendant