# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
### EASTERN DIVISION

2007 NOV 20  A 10: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) |
| Defendants. | ) ) ) |

3:07cv1022-MHT

## NOTICE OF REMOVAL

To:    Clerk of the Court
       United States District Court
       Middle District of Alabama

PLEASE TAKE NOTICE that Defendant CSX Transportation, Inc. ("CSXT") and Defendant AMDG, Inc. ("AMDG"), through their separate undersigned counsel, hereby remove the civil action entitled "*CSXT Transportation, Inc., a corporation; AMDG, Inc., a corporation; Defendants 3-5 and Defendants 6-8*," Civil Action No. CV-07-289 (the "State Court Action"), from the Circuit Court of Chambers County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama.  This removal is based on federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(a).  In accordance with 28 U.S.C. § 1446(a), Defendants make the following statements regarding the grounds for removal:

1.    Pursuant to 28 U.S.C. § 1446(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court for the district and division embracing the place where such action is

pending.  Removal to this Court is proper under 28 U.S.C. § 1446(a) because the Middle District of Alabama is the district within which the lawsuit was pending prior to removal.

2.     This Court has original jurisdiction over a state court action pursuant to 28 U.S.C. § 1332 if there is diversity of citizenship between the parties in such action and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.     The Complaint states that Plaintiffs Dembo, Bolt and Snyder are residents of the State of Alabama. (*See* Compl. at ¶¶ 1-3, attached hereto as Exhibit A.)  Upon information and belief, Plaintiffs Dembo, Bolt and Snyder are citizens of the State of Alabama

4.     Pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. Defendant CSXT is a Virginia corporation with its principal place of business in Florida. (*See* Declaration of William C. Barker, dated November 19, 2007 ("Barker Decl."), ¶ 3, attached hereto as Exhibit B).

5.     Defendant AMDG is a Georgia corporation with its principal place of business in Georgia. (*See* Declaration of Lance Duncan, dated November 16, 2007 ("Duncan Decl."), ¶ 2, attached hereto as Exhibit C).

6.     Thus, complete diversity of citizenship exists between the parties.

7.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' Complaint seeks up to $75,000 per Plaintiff in compensatory damages and punitive damages for *each* of the six counts in the Complaint, each of which purports to represent a separate cause of action. (*See* Complaint, prayers for relief in Counts One through Six).  Because the six claims for up to $75,000 each represent a total of up to $450,000 in damages for each Plaintiff, the amount in controversy requirement is satisfied. *See St. Paul Mercury Indemnity Co. v. Red Cab*

*Co.*, 303 U.S. 282, 288-89 (1938) (amount in controversy satisfied unless pleadings establish with "legal certainty" that the claim is below the jurisdictional minimum); *see also Tuscano v. Evening Journal Assoc.*, No. 05-16207, 2006 WL 1208047, at * 3 (11th Cir. May 4, 2006) (district court erred in concluding that it lacked jurisdiction over matter where the parties were citizens of different states and the amount in controversy reflected on the face of the complaint exceeded $75,000).

8.     Accordingly, this Court has original jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1332.

9.     Removal is not otherwise barred by 28 U.S.C. § 1441(b) because none of the Defendants are citizens of Alabama.

10.     Defendant CSXT was served with a Summons and Complaint in the State Court Action no earlier than October 22, 2007.  Defendant AMDG was served with a Summons and Complaint in the State Court Action no earlier than October 23, 2007.  This Notice is therefore timely filed under 28 U.S.C. § 1446(b).

11.     In accordance with 28 U.S.C. § 1446(a), a copy of all papers served upon Defendants CSXT and AMDG in the State Court Action are attached hereto as Exhibit A.

12.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court of Chambers County, Alabama.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama.

Respectfully Submitted,

William C. Barker
ASB-3411-R71W

PAUL, HASTINGS, JANOFSKY
    & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400 (telephone)
(404) 815-2424 (facsimile)

Counsel for Defendant
CSX Transportation, Inc.

Joe L. Dean, Jr.    w/ permission
ASB-0049-D54J        by MLW

DEAN & BARRETT
457 S. 10th Street
Opelika, Alabama 36801
(334) 749-2222 (telephone)

Halsey G. Knapp, Jr.
Motion for Admission Pro Hac Vice To Be Filed
Mary Lillian Walker
Motion for Admission Pro Hac Vice To Be Filed

FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305
404-231-9397 (telephone)
404-237-1659 (facsimile)

Counsel for Defendant
AMDG Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **STEVEN DEMBO,**<br>**PATRICK BOLT, and**<br>**TIMOTHY SNYDER,** | )<br>)<br>) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    3:07 CV 1022-MHT |
| | ) |
| **CSX TRANSPORTATION, INC.**<br>**and AMDG, INC.,** | )<br>) |
| | ) |
| **Defendants.** | )<br>) |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the **NOTICE OF REMOVAL** on all parties to this action by United States mail, postage prepaid to:

Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Ste. 400
2015 Second Avenue North
Birmingham, Alabama 35203

This is the 19th day of November, 2007.

_____
Attorney for Defendant

# EXHIBIT A

| State of Alabama<br>Unified Judicial System | **SUMMONS**<br>**-CIVIL-** | Case Number<br>CV $07-2\delta$ |
|---|---|---|

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY

**Plaintiff:**     Steven Dembo, et al.          **Defendant:**  CSX Transportation, Inc., et al.

NOTICE TO:     **AMGD, Inc.**                    **(Please Serve by Certified Mail )**
200 Galleria Parkway
Suite 2000
Atlanta, Georgia 30339

THE COMPLAINT, AMENDED COMPLAINT, INTERROGATORIES AND/OR REQUEST FOR PRODUCTION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C., WHOSE ADDRESS IS 2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

____    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the
defendant.

Date: ___10—18—07___          _Charles W. Story_          By:_____
                                         Clerk/Register

____    I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____, County, Alabama
on _____.
                          Date

_____          _____
Date                                                Server's Signature

_____          _____
Address of Server                             Type of Process Server

Field Training in REDI and then be placed on the AWP roster. The letter also stated that after completing approximately one to two weeks of training you will report to Montgomery AWP.

11. On or about January 13, 2006, Plaintiffs graduated from the AMDG and the CSXT's REDI training courses. On the day of graduation, Plaintiffs' Dembo and Snyder were told they were not going to work at the Montgomery AWP subdivision but would have to report to the Montgomery M & M subdivision and Plaintiff Bolt was told he would have to report to Atlanta AWP. Denise Purdie, director of conductor training CSXT acting within the course and scope of her employment, stated that if Plaintiffs did not like it that they could go hire on with another railroad. Purdie further stated that CSXT knew the first week of training that they didn't need anyone for AWP, but fialed to notify Plaintiffs because she "dropped the ball." Plaintiffs would have withdrawn from training and received a refund for most of their tuition.

12. AMDG and CSXT falsely, fraudulently, and with an intent to deceive Plaintiffs represented to Plaintiffs that if Plaintiffs paid the tuition and completed the required training, Plaintiffs would begin work at the Montgomery, Alabama AWP location.

13. The representations mentioned above were false when AMDG and CSXT made them in that AMDG and CSXT never intend for Plaintiffs to work at the AWP location, but instead intended for Plaintiffs to work at the Montgomery M & M location.

14. AMDG and CSXT knew the representations were false when they were made, or AMDG and CSXT made the representations mentioned above with a reckless disregard for their truth or falsity in that upon Plaintiffs completion of the required training Plaintiffs were

notified that they would be working at the Montgomery M & M location or the Atlanta
AWP location.

15.    Plaintiffs reasonably believed and relied on the representations described above and, as a
result, were induced to resign from their jobs, to expend money for training, to expend
days of time in traveling, and to go for weeks without a paycheck, all of which proved to
be futile in that Plaintiffs were not able to accept the position offered by CSXT because it
was different from what it had been represented to be.  Plaintiffs were forced to work at
the Montgomery M & M location or the Atlanta AWP location for less pay or to find
employment elsewhere.

16.    As a result of the fraud and fraudulent representations described above, which Plaintiffs
reasonably relied on, the Plaintiffs have suffered the following injuries:

**The Plaintiffs were defrauded and/or intentionally, recklessly, and/or negligently lied to; Plaintiffs have been forced to endure financial hardship; Plaintiffs have suffered emotional distress and mental anguish over their financial conditions; Plaintiffs have expended monies and have not received the benefit of the employment promised; Plaintiffs have been forced to expend time and energies concerning future employment.**

**WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an
amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-
FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest
and costs of court.

## COUNT TWO

17.    Plaintiffs reallege and incorporate paragraphs one (1) through sixteen (16) of the
Complaint herein and further avers that:

18.    Defendants 3, 4, and 5 are those persons or institutions responsible for making the

employment decisions regarding the Plaintiffs made the basis of the Complaint.

19.    As a direct and proximate result of these decisions, the Plaintiffs were injured as set out

in paragraph sixteen (16) above.

**WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an

amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-

FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

<u>**COUNT THREE**</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20.    Plaintiffs reallege and incorporate paragraphs one (1) through nineteen (19) of the

Complaint herein and further avers that:

21.    Defendants had a duty to Plaintiffs to act appropriately with respect to Plaintiffs'

employment with Defendants, to honor their representations and promises, and to

exercise due care with respect Plaintiffs' employment. The Defendants, all inclusive,

breached that duty by fraudulently inducing Plaintiffs to resign from there jobs and

expend monies in reliance on the representations and promises.

22.    The acts of Defendants described in this Complaint were done willfully, maliciously,

outrageously, deliberately, and intentionally with the intention to inflict emotional distress

upon Plaintiffs. Such acts were done in reckless disregard of the probability of causing

Plaintiffs emotional distress. These acts did in fact result in severe and extreme

emotional distress to the Plaintiffs.

23.    Defendants knew or should have known that their conduct would cause Plaintiffs severe

emotional distress and mental suffering.

24.    As a direct and proximate result of the extreme and outrageous conduct of Defendants alleged in this complaint, Plaintiffs have suffered and continue to suffer severe emotional distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

**COUNT FOUR**

**WILLFUL MISREPRESENTATION**

25.    The Plaintiffs re-allege and incorporate paragraphs one (1) through twenty-four (24) of the Complaint herein and further aver that:

26.    The Defendants, named and fictitious, willfully misrepresented to the Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

27.    The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

28.    As a direct and proximate result of the Defendants' willful misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

**COUNT FIVE**

**RECKLESS MISREPRESENTATION**

29.    The Plaintiffs reallege and incorporate paragraphs one (1) through twenty-eight (28) of

the Complaint herein and further aver that:

30.    The Defendants, named and fictitious, recklessly misrepresented to the Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

31.    The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

32.    As a direct and proximate result of the Defendants' reckless misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

## COUNT SIX

## NEGLIGENT MISREPRESENTATION

33.    The Plaintiffs reallege and incorporate paragraphs one (1) through thirty-two (32) of the Complaint herein and further aver that:

34.    The Defendants, named and fictitious, mistakenly or negligently misrepresented to the Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

35.    The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

36.    As a direct and proximate result of the Defendants' mistaken or negligent misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

DILLARD & ASSOCIATES, L.L.C.
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel:**
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

## ** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

**Defendant's Address:**                    **(Please serve by certified mail)**

**CSX Transportation, Inc.**
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**AMGD, Inc.**
200 Galleria Parkway
Suite 2000
Atlanta, Georgia 30339

| State of Alabama<br>Unified Judicial System | SUMMONS<br>-CIVIL- | Case Number<br>CV 0) -<br>289 |
|---|---|---|

### IN THE CIRCUIT COURT OF CHAMBERS COUNTY

| Plaintiff: | Steven Dembo, et al. | Defendant: | CSX Transportation, Inc., et al. |
|---|---|---|---|

NOTICE TO:    **CSX Transportation, Inc.**        **(Please Serve by Certified Mail)**
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

THE COMPLAINT, AMENDED COMPLAINT, INTERROGATORIES AND/OR REQUEST FOR PRODUCTION WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY **Timothy L. Dillard, Dillard & Associates L.L.C.,** WHOSE ADDRESS IS **2015 2nd Avenue North, Berry Building, Fourth Floor, Birmingham, Alabama, 35203.**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN **30** DAYS AFTER THE SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

\_\_\_\_    You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

Date:    *10-18-07*        *Charles W. Story*    By: _____
                                         Clerk/Register

\_\_\_\_\_    I certify that I personally delivered a copy of the Summons and Complaint to
_____ in _____, County, Alabama
on _____.
                                 Date

_____        _____
Date                                   Server's Signature

_____        _____
Address of Server                             Type of Process Server

IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN DEMBO, an individual;     )
PATRICK BOLT, an individual; and   )
TIMOTHY SNYDER, an individual;    )
                             )
    Plaintiffs,            )
                             )
v.                           )    Civil Action No.: _CV07-28_
                             )
CSX TRANSPORTATION, INC., a    )
corporation; AMDG, INC., a corporation; )
Defendants 3, 4, and 5, those persons or )
institutions responsible for making   )
the employment decisions regarding the )
Plaintiffs made the basis of the Complaint; )
Defendants 6, 7, and 8, those persons,  )
firms, or entities who willfully, recklessly, or )
negligently misrepresented to the Plaintiff )
material facts regarding the location and )
salary of employment as alleged in the )
Complaint; all of whose true names and )
legal identities are unknown to the Plaintiff )
at this time but will be added by amendment )
when ascertained,          )
                           )
    Defendants.         )

FILED IN OFFICE THIS

OCT 1 1 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## COMPLAINT

## COUNT ONE

### FRAUDULENT INDUCEMENT

1.    Plaintiff Steven Dembo, is over the age of nineteen (19) and is a resident of Valley, Chambers County.

2.    Plaintiff Patrick Bolt, is over the age of nineteen (19) and is a resident of Valley, Chambers County.

3.    Plaintiff Timothy Snyder, is over the age of nineteen (19) and is a resident of Lanett,

Chambers County.

4.    The Defendant, CSX Transportation, Inc., (CSXT) is a foreign corporation who at all

      times material to this complaint was doing business in Chambers County, Alabama.

5.    The Defendant, AMDG, Inc., (AMDG) is a foreign corporation who at all times material

      to this complaint was doing business in Chambers County, Alabama.

6.    At all times mentioned in this complaint, AMDG was seeking employees for CSXT

      located at the Montgomery, Alabama AWP subdivision. For that purpose, AMDG put

      information concerning the position on AMDG's website. Plaintiffs inquired about the

      CSXT Montgomery A&WP conductor position and applied.

7.    On or about October 28, 2005, AMDG contacted Plaintiffs notifying them that they had

      been accepted into the AMDG Railroad Conductor Program. The letter stated that in

      order to secure a spot, Plaintiffs needed to submit the full tuition payment of four

      thousand five hundred dollars ($4,500.00). The location of the opening listed by AMDG

      was AWP-Montgomery.

8.    Plaintiffs paid the tuition payment, enrolled in the Conductor Program, and successfully

      completing 200 hours of training in the AMDG Freight Conductor Training course.

9.    On December 27, 2005, CSXT contacted Plaintiffs Dembo, Bolt, and Snyder, by a letter

      through its agent/employee Denise Purdie. The letter was an offer of employment, which

      was contingent upon several factors. First, the Plaintiffs had to complete the conductor

      training program; second, the Plaintiffs had to pass several post offer physical

      examinations prior to beginning employment with CSXT; and third, CSXT was to

      conduct a background investigation of each Plaintiff.

10.   The letter stated that if all of the hiring criteria are met, the Plaintiffs would attend CSX

Field Training in REDI and then be placed on the AWP roster. The letter also stated that after completing approximately one to two weeks of training you will report to Montgomery AWP.

11. On or about January 13, 2006, Plaintiffs graduated from the AMDG and the CSXT's REDI training courses. On the day of graduation, Plaintiffs' Dembo and Snyder were told they were not going to work at the Montgomery AWP subdivision but would have to report to the Montgomery M & M subdivision and Plaintiff Bolt was told he would have to report to Atlanta AWP. Denise Purdie, director of conductor training CSXT acting within the course and scope of her employment, stated that if Plaintiffs did not like it that they could go hire on with another railroad. Purdie further stated that CSXT knew the first week of training that they didn't need anyone for AWP, but fialed to notify Plaintiffs because she "dropped the ball." Plaintiffs would have withdrawn from training and received a refund for most of their tuition.

12. AMDG and CSXT falsely, fraudulently, and with an intent to deceive Plaintiffs represented to Plaintiffs that if Plaintiffs paid the tuition and completed the required training, Plaintiffs would begin work at the Montgomery, Alabama AWP location.

13. The representations mentioned above were false when AMDG and CSXT made them in that AMDG and CSXT never intend for Plaintiffs to work at the AWP location, but instead intended for Plaintiffs to work at the Montgomery M & M location.

14. AMDG and CSXT knew the representations were false when they were made, or AMDG and CSXT made the representations mentioned above with a reckless disregard for their truth or falsity in that upon Plaintiffs completion of the required training Plaintiffs were

notified that they would be working at the Montgomery M & M location or the Atlanta
AWP location.

15.     Plaintiffs reasonably believed and relied on the representations described above and, as a
result, were induced to resign from their jobs, to expend money for training, to expend
days of time in traveling, and to go for weeks without a paycheck, all of which proved to
be futile in that Plaintiffs were not able to accept the position offered by CSXT because it
was different from what it had been represented to be.  Plaintiffs were forced to work at
the Montgomery M & M location or the Atlanta AWP location for less pay or to find
employment elsewhere.

16.     As a result of the fraud and fraudulent representations described above, which Plaintiffs
reasonably relied on, the Plaintiffs have suffered the following injuries:

> **The Plaintiffs were defrauded and/or intentionally, recklessly,
> and/or negligently lied to; Plaintiffs have been forced to endure
> financial hardship; Plaintiffs have suffered emotional distress
> and mental anguish over their financial conditions; Plaintiffs
> have expended monies and have not received the benefit of the
> employment promised; Plaintiffs have been forced to expend
> time and energies concerning future employment.**

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an
amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-
FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest
and costs of court.

## COUNT TWO

17.     Plaintiffs reallege and incorporate paragraphs one (1) through sixteen (16) of the
Complaint herein and further avers that:

18.     Defendants 3, 4, and 5 are those persons or institutions responsible for making the

employment decisions regarding the Plaintiffs made the basis of the Complaint.

19.    As a direct and proximate result of these decisions, the Plaintiffs were injured as set out in paragraph sixteen (16) above.

        **WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

<u>COUNT THREE</u>

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20.    Plaintiffs reallege and incorporate paragraphs one (1) through nineteen (19) of the Complaint herein and further avers that:

21.    Defendants had a duty to Plaintiffs to act appropriately with respect to Plaintiffs' employment with Defendants, to honor their representations and promises, and to exercise due care with respect Plaintiffs' employment. The Defendants, all inclusive, breached that duty by fraudulently inducing Plaintiffs to resign from there jobs and expend monies in reliance on the representations and promises.

22.    The acts of Defendants described in this Complaint were done willfully, maliciously, outrageously, deliberately, and intentionally with the intention to inflict emotional distress upon Plaintiffs. Such acts were done in reckless disregard of the probability of causing Plaintiffs emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

23.    Defendants knew or should have known that their conduct would cause Plaintiffs severe emotional distress and mental suffering.

24.     As a direct and proximate result of the extreme and outrageous conduct of Defendants

alleged in this complaint, Plaintiffs have suffered and continue to suffer severe emotional

distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

**WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an

amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-

FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

**COUNT FOUR**

**WILLFUL MISREPRESENTATION**

25.     The Plaintiffs re-allege and incorporate paragraphs one (1) through twenty-four (24) of

the Complaint herein and further aver that:

26.     The Defendants, named and fictitious, willfully misrepresented to the Plaintiffs the fact

that they would be hired on at the Montgomery AWP location.

27.     The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

28.     As a direct and proximate result of the Defendants' willful misrepresentation, the

Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

**WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an

amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-

FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

**COUNT FIVE**

**RECKLESS MISREPRESENTATION**

29.     The Plaintiffs reallege and incorporate paragraphs one (1) through twenty-eight (28) of

the Complaint herein and further aver that:

30.    The Defendants, named and fictitious, recklessly misrepresented to the Plaintiffs the fact

that they would be hired on at the Montgomery AWP location.

31.    The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

32.    As a direct and proximate result of the Defendants' reckless misrepresentation, the

Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an

amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-

FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

## COUNT SIX

### NEGLIGENT MISREPRESENTATION

33.    The Plaintiffs reallege and incorporate paragraphs one (1) through thirty-two (32) of

the Complaint herein and further aver that:

34.    The Defendants, named and fictitious, mistakenly or negligently misrepresented to the

Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

35.    The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

36.    As a direct and proximate result of the Defendants' mistaken or negligent

misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph

sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an

amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-

FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

**DILLARD & ASSOCIATES, L.L.C.**
**Attorneys for the Plaintiff**

*[signature]*

Timothy L. Dillard (DIL 003)
The Berry Building. Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel:**
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

**\*\* PLAINTIFFS DEMAND TRIAL BY STRUCK JURY\*\***

*[signature]*

OF COUNSEL

**Defendant's Address:**                    **(Please serve by certified mail)**

**CSX Transportation, Inc.**
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104


**AMGD, Inc.**
200 Galleria Parkway
Suite 2000
Atlanta, Georgia 30339

**CERTIFIED MAIL**

CHARLES W. ST
Circuit Clerl
5th Judicial Ci
Lafayette, Alabam

7006 2760 0002 4645 1903





CSX TRANSPORTATION, INC.
C/O CSC LAWYERS INCORPORATING SERVICES, IN
150 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36104

36104+4227-50 C006

# EXHIBIT B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN DEMBO,<br>PATRICK BOLT, and<br>TIMOTHY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br> and AMDG, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RECEIVED<br><br>NOV 2 0 2007<br><br>CLERK<br>U.S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |

### DECLARATION OF WILLIAM C. BARKER

I, William C. Barker, do hereby swear and affirm as follows:

1.     I am over 21 years of age and fully competent to make this Declaration.  I make this Declaration of my own personal knowledge and for any uses allowed by law.

2.     I represent CSX Transportation, Inc. ("CSXT") in the above-captioned matter.

3.     CSXT is incorporated in the state of Virginia.  Its principal place of business is Jacksonville, Florida.

4.     CSXT was served with a copy of the complaint in *CSXT Transportation, Inc., a corporation; AMDG, Inc., a corporation; Defendants 3-5 and Defendants 6-8*, Civil Action No. CV-07-289, Circuit Court of Chambers County, Alabama, on or after October 22, 2007.

Pursuant to 28 U.S.C. § 1746, I swear under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of November, 2007.

William C. Barker

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN DEMBO,<br>PATRICK BOLT, and<br>TIMOTHY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br> and AMDG, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RECEIVED<br><br>NOV 2 0 2007<br><br>~~CLERK~~<br>U.S. DISTRICT COURT<br>MIDDLE DIST. OF ALA. |

## DECLARATION OF LANCE DUNCAN

STATE OF GEORGIA

COUNTY OF ___Coweta___

Personally appeared before the undersigned officer duly authorized to administer oaths, Lance Duncan, in his capacity as President of AMDG, Inc., who, after being duly sworn, stated as follows:

1.

My name is Lance Duncan, and I am over the age of twenty-one (21) and am competent to give this affidavit. The facts contained in this affidavit are true and correct and are based on my personal knowledge.

618376.1

2.

I am the President of AMDG, Inc., a company that is incorporated and existing under the laws of the State of Georgia and that has its principal place of business in Georgia. AMDG has no facilities in Alabama.

3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER THE DECLARANT SAITH NOT.

This 16th day of November, 2007.

Lance Duncan

Defense Counsel

William C. Barker
PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400 (telephone)
(404) 815-2424 (facsimile)

Counsel for Defendant CSX Transportation, Inc.

Joe L. Dean, Jr.
DEAN & BARRETT
457 S. 10th Street
Opelika, Alabama 36801
(334) 749-2222 (telephone)

Halsey G. Knapp, Jr.
FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305
404-231-9397 (telephone)
404-237-1659 (facsimile)

Counsel for Defendant AMDG, Inc.

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001230
Cashier ID: khaynes
Transaction Date: 11/20/2007
Payer Name: PAUL HASTINGS
----------------------------------
CIVIL FILING FEE
 For: PAUL HASTINGS
 Case/Party: D-ALM-3-07-CV-001022-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2106
 Amt Tendered:  $350.00
----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

STEVEN DEMBO ET AL V. CSX
TRANSPORTATION, INC. ET AL
```