## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

2007 NOV 28  P 3: 14

| | |
|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) |
| Defendants. | ) |

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

3:07-CV-01022-MHT-CSC

### AMDG, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE SUPERIOR COURT OF COBB COUNTY, GEORGIA

Comes now Defendant AMDG, Inc. ("AMDG") and, by special appearance of counsel and without submitting to venue and jurisdiction in this Court, moves this Court pursuant to Fed.R.Civ.P. 12(b)(2) and (3) to dismiss this case for lack of personal jurisdiction over AMDG and/or to transfer this case preferably to the Superior Court of Cobb County, Georgia on the grounds that each Plaintiff contractually agreed to exclusive jurisdiction there. Attached hereto in support of its motion is the Declaration of AMDG President Lance Duncan with exhibits and its Brief.                    Respectfully submitted,

620344.1

1

**DEAN & BARRETT**

457 S. 10th Street
Opelika, Alabama 36801
Telephone:  (334) 749-2222

Joseph L. Dean, Jr.
ASB-0049-D54J


**FOLTZ MARTIN, LLC**

Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Mary Lillian Walker
Georgia Bar No. 732370
(Motion for Admission *Pro
Hac Vice* is being submitted
concurrently)

Five Piedmont Center, Suite 750
Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the

AMDG, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL

JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE

SUPERIOR COURT OF COBB COUNTY, GEORGIA on all parties to this

action by United States mail, postage prepaid to:

> Timothy L. Dillard
> Dillard & Associates, L.L.C.
> The Berry Building, Ste. 400
> 2015 Second Avenue North
> Birmingham, Alabama 35203

This is the 26 day of November, 2007.

**DEAN & BARRETT**

_____
Joseph L. Dean, Jr.
ASB-0049-D54J

457 S. 10th Street
Opelika, Alabama 36801
Telephone: (334) 749-2222

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO,<br>PATRICK BOLT, and<br>TIMOTHY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br> and AMDG, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    **3:07-CV-01022-MHT-CSC**<br>)<br>)<br>)<br>)<br>) |

## <u>SECOND DECLARATION OF LANCE DUNCAN</u>

STATE OF GEORGIA

COUNTY OF COWETA

Personally appeared before the undersigned officer duly authorized to administer oaths, Lance Duncan, in his capacity as President of AMDG, Inc., who, after being duly sworn, stated as follows:

1.

My name is Lance Duncan, and I am over the age of twenty-one (21) and am competent to give this declaration. The facts contained in this declaration are true and correct and are based on my personal knowledge.

2.

I am the President of AMDG, Inc., a company organized and existing under the laws of the State of Georgia with its principal place of business located at 200 Galleria Parkway, Suite 330, Atlanta, Georgia 30339. AMDG recruits, screens, trains and qualifies individuals for employment in, among others, the U.S. railroad industry. See www.amdg.ws/index.html.

3.

Plaintiffs Dembo, Bolt and Synder applied for AMDG's railroad conductor training by submitting an electronic application over the internet. Plaintiffs then came to AMDG's office in Peachtree City, Georgia and/or Atlanta, Georgia for training. AMDG did not go to Chambers County, Alabama or any other site in Alabama in connection with recruiting or training Plaintiffs.

4.

Before beginning the training program, Plaintiffs each executed an Agreement Regarding Terms of Training (the "Agreement"), true and

6203101

2

correct copies of which are attached hereto as Exhibits A, B and C. That Agreement was executed in Georgia.

5.

AMDG employees who are familiar with the facts underlying this lawsuit (approximately 4 people) reside in the greater Atlanta metro area and are closer to Atlanta than Montgomery. One AMDG employee familiar with the facts has retired and moved to Mobile.

6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER THE DECLARANT SAITH NOT.

This 27 day of November, 2007.

_____
Lance Duncan

920310.1

3

# EXHIBIT 1

# AGREEMENT REGARDING TERMS OF TRAINING

This agreement memorializes my understanding and agreement with AMDG, Inc. ("AMDG") regarding the scope of commitment needed and the responsibilities that I will have if admitted to an AMDG railroad conductor training session. I hereby contract with AMDG, Inc. ("AMDG"), acknowledge the adequacy and receipt of consideration received from AMDG, and make the following commitments:

I have read and understand, or have had adequate time to read and understand, the AMDG information on the www.AMDG.ws website, including those sections concerning: tuition, refunds, assignments, and expenses to be paid by or for the student. I specifically understand, acknowledge, and agree that a refund of sixty percent (60%) will be given if I withdraw from any AMDG training session prior to the conclusion of the first week of such training and that, after the first week of such training, refunds will not be given except in rare circumstances and solely at the discretion of AMDG.

I am highly motivated to complete the AMDG training course and seek employment with a Class I railroad.

I understand the difficult work conditions that conductors often have to endure (i.e. hazardous conditions, frequent absences from home, irregular shifts, two hour notification on work schedules, and around the clock outdoor operations, in all weather conditions.)

I understand that I am not guaranteed employment with a Class I railroad even if I successfully complete an AMDG course. I understand that employment depends on my successful completion of the course, willingness to relocate, being medically qualified, passing drug tests, undergoing a background and employment investigation, passing personality and reading tests, my employment interview, and successfully completing the initial sixty (60) day probationary period on the job after being hired.

I understand that if hired, I will be required to complete an additional ten (10 ) or more weeks of paid training on the job. After that training, I will be required to pass an examination in order to be promoted to conductor status.

I understand that once employed, my employer has the right to change the hiring vacancy to which I was assigned upon entering the course. While I understand that this is not likely, it is possible and, once I am assigned to a location, it will be difficult to receive a reassignment out of the seniority district to which I am initially assigned.

I understand that once employed, I may be assigned to a position in a rail yard or required to work the "extra board" as a trainman. Advancement to conductor will occur at different rates depending on assignment location, business conditions, number of vacancies and seniority.

I understand that any false information, misrepresentation or omission in this agreement or any document that I may provide to AMDG may disqualify me from further consideration for employment.

I further acknowledge and agree that the state courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division, shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with this or any agreement that I may enter into with AMDG and any transactions contemplated in any such agreement (including, but not limited to, the negotiation, execution, interpretation, performance or nonperformance of said agreements). As one who may be an applicant to, trainee of, borrower from, or otherwise involved with AMDG, Inc., I hereby acknowledge and irrevocably consent to the exercise by such courts of personal jurisdiction over me and waive any objections that I might otherwise have to venue, personal jurisdiction, inconvenience of forum, and any similar or related doctrine.

Signature _Steven Dembo_

Name (printed): _Steven Dembo_

Date: _12-12_ , 2005

Accepted, this the _12_ day of _Dec_ , 2005.

AMDG, Inc.

# EXHIBIT 2

AS-601

## AGREEMENT REGARDING TERMS OF TRAINING

This agreement memorializes my understanding and agreement with AMDG, Inc. ("AMDG") regarding the scope of commitment needed and the responsibilities that I will have if admitted to an AMDG railroad conductor training session. I hereby contract with AMDG, Inc. ("AMDG"), acknowledge the adequacy and receipt of consideration received from AMDG, and make the following commitments:

I have read and understand, or have had adequate time to read and understand, the AMDG information on the www.AMDG.ws website, including those sections concerning: tuition, refunds, assignments, and expenses to be paid by or for the student. I specifically understand, acknowledge, and agree that a refund of sixty percent (60%) will be given if I withdraw from any AMDG training session prior to the conclusion of the first week of such training and that, after the first week of such training, refunds will not be given except in rare circumstances and solely at the discretion of AMDG.

I am highly motivated to complete the AMDG training course and seek employment with a Class I railroad.

I understand the difficult work conditions that conductors often have to endure (i.e. hazardous conditions, frequent absences from home, irregular shifts, two hour notification on work schedules, and around the clock, outdoor operations, in all weather conditions.)

I understand that I am not guaranteed employment with a Class I railroad even if I successfully complete an AMDG course. I understand that employment depends on my successful completion of the course, willingness to relocate, being medically qualified, passing drug tests, undergoing a background and employment investigation, passing personality and reading tests, my employment interview, and successfully completing the initial sixty (60) day probationary period on the job after being hired.

I understand that if hired, I will be required to complete an additional ten (10) or more weeks of paid training on the job. After that training, I will be required to pass an examination in order to be promoted to conductor status.

I understand that once employed, my employer has the right to change the hiring vacancy to which I was assigned upon entering the course. While I understand that this is not likely, it is possible and, once I am assigned to a location, it will be difficult to receive a reassignment out of the seniority district to which I am initially assigned.

I understand that once employed, I may be assigned to a position in a rail yard or required to work the "extra board" as a trainman. Advancement to conductor will occur at different rates depending on assignment location, business conditions, number of vacancies and seniority.

I understand that any false information, misrepresentation or omission in this agreement or any document that I may provide to AMDG may disqualify me from further consideration for employment.

I further acknowledge and agree that the state courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division, shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with this or any agreement that I may enter into with AMDG and any transactions contemplated in any such agreement (including, but not limited to, the negotiation, execution, interpretation, performance or nonperformance of said agreements). As one who may be an applicant to, trainee of, borrower from, or otherwise involved with AMDG, Inc., I hereby acknowledge and irrevocably consent to the exercise by such courts of personal jurisdiction over me and waive any objections that I might otherwise have to venue, personal jurisdiction, inconvenience of forum, and any similar or related doctrine.

Signature _Tim Snyder_

Name (printed): _Tim Snyder_

Date: _12_ / _12_ , 2005

Accepted, this the _12_ day of _Dec_ , 2005.

AMDG, Inc.

# EXHIBIT
# 3

# AGREEMENT REGARDING TERMS OF TRAINING

This agreement memorializes my understanding and agreement with AMDG, Inc. ("AMDG") regarding the scope of commitment needed and the responsibilities that I will have if admitted to an AMDG railroad conductor training session. I hereby contract with AMDG, Inc. ("AMDG"), acknowledge the adequacy and receipt of consideration received from AMDG, and make the following commitments:

I have read and understand, or have had adequate time to read and understand, the AMDG information on the www.AMDG.ws website, including those sections concerning: tuition, refunds, assignments, and expenses to be paid by or for the student. I specifically understand, acknowledge, and agree that a refund of sixty percent (60%) will be given if I withdraw from any AMDG training session prior to the conclusion of the first week of such training and that, after the first week of such training, refunds will not be given except in rare circumstances and solely at the discretion of AMDG.

I am highly motivated to complete the AMDG training course and seek employment with a Class I railroad.

I understand the difficult work conditions that conductors often have to endure (i.e. hazardous conditions, frequent absences from home, irregular shifts, two hour notification on work schedules, and around the clock, outdoor operations, in all weather conditions.)

I understand that I am not guaranteed employment with a Class I railroad even if I successfully complete an AMDG course. I understand that employment depends on my successful completion of the course, willingness to relocate, being medically qualified, passing drug tests, undergoing a background and employment investigation, passing personality and reading tests, my employment interview, and successfully completing the initial sixty (60) day probationary period on the job after being hired.

I understand that if hired, I will be required to complete an additional ten (10) or more weeks of paid training on the job. After that training, I will be required to pass an examination in order to be promoted to conductor status.

I understand that once employed, my employer has the right to change the hiring vacancy to which I was assigned upon entering the course. While I understand that this is not likely, it is possible and, once I am assigned to a location, it will be difficult to receive a reassignment out of the seniority district to which I am initially assigned.

I understand that once employed, I may be assigned to a position in a rail yard or required to work the "extra board" as a trainman. Advancement to conductor will occur at different rates depending on assignment location, business conditions, number of vacancies and seniority.

I understand that any false information, misrepresentation or omission in this agreement or any document that I may provide to AMDG may disqualify me from further consideration for employment.

I further acknowledge and agree that the state courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division, shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with this or any agreement that I may enter into with AMDG and any transactions contemplated in any such agreement (including, but not limited to, the negotiation, execution, interpretation, performance or nonperformance of said agreements). As one who may be an applicant to, trainee of, borrower from, or otherwise involved with AMDG, Inc., I hereby acknowledge and irrevocably consent to the exercise by such courts of personal jurisdiction over me and waive any objections that I might otherwise have to venue, personal jurisdiction, inconvenience of forum, and any similar or related doctrine.

Signature _____

Name (printed): _PATRICK  H.  BOLT_____

Date: _____DECEMBER  12_, 2005

Accepted, this the _12_ day of _DEC_____, 2005.

AMDG, Inc.