IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO,<br>PATRICK BOLT, and<br>TIMOTHY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br>and AMDG, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    3:07-CV-01022-MHT-CSC<br>)<br>)<br>)<br>)<br>)<br>) |

## AMDG, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE SUPERIOR COURT COBB COUNTY, GEORGIA

Comes now Defendant AMDG, Inc. ("AMDG") and, by special appearance of counsel and without submitting to venue and jurisdiction in this Court, moves this Court pursuant to Fed.R.Civ.P 12(b)(2) and (3) to dismiss this case for lack of personal jurisdiction over AMDG and/or to transfer this case to the Superior Court of Cobb County, Georgia on the ground that each Plaintiff contractually agreed to exclusive jurisdiction there, and shows this Court as follows:

## Factual Backgroud

AMDG is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located at 200 Galleria Parkway, Suite 330, Atlanta, Georgia 30339. AMDG recruits, screens, trains and qualifies individuals for employment in, among others, the U.S. railroad industry. See www.amdg.ws/index.html. (Second Declaration of Lance Duncan ("Duncan Dec. 2") filed concurrently herewith, ¶ 2). Plaintiffs Dembo, Bolt and Synder applied for AMDG's railroad conductor training by submitting an electronic application over the internet. Plaintiffs then came to AMDG's office in Peachtree City, Georgia for training. AMDG did not go to Chambers County, Alabama or any other site in Alabama in connection with recruiting or training Plaintiffs. (Duncan Dec. 2, ¶ 3).

Before beginning the training program, Plaintiffs each executed an Agreement Regarding Terms of Training (the "Agreement"), true and correct copies of which are attached as Exhibits A, B and C of the Second Declaration of Lance Duncan. Plaintiffs executed the Agreement in Peachtree City, Georgia. (Duncan Dec. 2, ¶ 4). The Agreement provides that if a dispute arises between any Plaintiff and AMDG, either the state courts of Cobb County, Georgia or the United States District Court for the

Northern District of Georgia shall have exclusive jurisdiction. The Agreement states in the final paragraph:

> I further acknowledge and agree that the state courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division, shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with this or any agreement that I may enter into with AMDG and any transactions contemplated in any such agreement (including, but not limited to, the negotiation, execution, interpretation, performance or nonperformance of said agreements). As one who may be an applicant to, trainee of, borrower from, or otherwise involved with AMDG, Inc., I hereby acknowledge and irrevocably consent to the exercise by such courts of personal jurisdiction over me and waive any objections that I might otherwise have to venue, personal jurisdiction, inconvenience of forum, and any similar or related doctrine.

<u>Id.</u>

In contradiction of these Agreements, Plaintiffs filed the present complaint in the Circuit Court of Chambers County, Alabama against AMDG and CSX Transportation, Inc. ("CSX"). AMDG and CSX subsequently removed this case to this Court. Now, AMDG seeks to dismiss or transfer this case preferably to the Superior Court of Cobb County, Georgia pursuant to the forum selection clause in the Agreement.

## Argument and Citations of Authority

Under Alabama law, the law of the State wherein the contract was executed governs questions regarding the validity and interpretation of the contract. See, e.g., American Nonwovens, Inc. v. Non Wovens Engineering, S.R.L., 648 So.2d 565, 567 (Ala.1994); Lawrence v. Household Bank (SB), N.A., 397 F.Supp.2d 1332, 1335 (M.D. Ala. 2005). The Agreement at issue here was made in the State of Georgia and is governed by Georgia law.

Under Georgia law, a forum selection clause is prima facie valid and should be enforced "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." OFC Capital v. Colonial Distributors, Inc., 285 Ga. App. 815, 817, 648 S.E.2d 140 (2007). Enforcement is not unreasonable under the circumstances unless the opposing party can show that the "chosen forum will be so inconvenient that he will, for all practical purposes, be deprived of his day in court." Id. A freely negotiated agreement should be upheld absent a compelling reason such as fraud, undue influence, or overweening bargaining power." Iero v. Mohawk Finishing Products, 243 Ga.App. 670, 534 S.E.2d 136 (2000).

Georgia courts have enforced forum selection clauses in contracts even though the clause requires the plaintiff to travel a great distance. For example, in Iero v. Mohawk Finishing Products, Inc., 243 Ga.App. 670, 534

S.E.2d 136 (2000) the Georgia Court of Appeals upheld a forum selection clause that required an employee residing in Georgia to sue his employer in New York. Although the employee argued that the employer-employee relationship created inherently unequal bargaining power that should invalidate the forum selection clause, the Iero Court refused to adopt that broad rule. Instead, it demanded "case-specific evidence" of disparity. Finding none, the Court enforced the forum selection clause. Id., 534 S.E.2d at 139.

Under this law, the forum selection clause should be enforced. Plaintiffs alleged that they live in Chambers County, Alabama, and Chambers County is only slightly further from Atlanta than Montgomery.[1] Plaintiffs were able to travel to Peachtree City and/or Atlanta, for training, thus indicating their ability to travel to Georgia. AMDG is located in Georgia, and litigation in that forum will be convenient for its witnesses. (Duncan Dec. 2, ¶ 5). The forum selection clause at issue is the final paragraph of a short, one page Agreement between the parties, and it appears just above the Plaintiffs' signature. Thus, the clause was not hidden. Finally, although the clause was part of a pre-printed contract presented to the Plaintiffs for signing, there is no case-specific evidence of disparity here.

---

[1] Mapquest indicates that Lafayette, Alabama, the county seat of Chambers County, is 97 miles from Atlanta and 78 miles from Montgomery.

If this Court finds that Alabama law governs the forum selection clause instead of Georgia law, the result is the same. Under Alabama law, forum selection clauses are enforceable if:

> (1) that enforcement of the forum-selection clause[ ] would be unfair on the basis that the contract[ ] ... [was] affected by fraud, undue influence, or overweening bargaining power or (2) that enforcement would be unreasonable on the basis that the chosen ... forum would be seriously inconvenient for the trial of the action.

Ex parte Rymer, 860 So.2d 339, 341 (Ala.2003). When an agreement includes a clearly stated forum-selection clause, a party claiming that clause is unreasonable and therefore invalid will be required to make a clear showing of unreasonableness. In determining whether such a clause is unreasonable, a court should consider these five factors: (1) Are the parties business entities or businesspersons? (2) What is the subject matter of the contract? (3) Does the chosen forum have any inherent advantages? (4) Should the parties have been able to understand the agreement as it was written? (5) Have extraordinary facts arisen since the agreement was entered that would make the chosen forum seriously inconvenient? Ex parte Northern Capital Resource Corp., 751 So.2d 12, 15 (Ala. 1999).

Applying these factors, the forum selection clause in this case is enforceable. The parties are engaged in business, and the subject matter of the contract was for training to take place in Georgia. The Georgia forum is

advantageous to AMDG, which is located in Georgia. Georgia is not inconvenient to Plaintiffs, who are located virtually in between Atlanta and Montgomery. The fourm selection clause in the Agreement was easy to understand and locate. Finally, it would not seriously inconvenience Plaintiffs to travel to Georgia for this litigation. They came to Georgia for the training and are apparently able to travel this distance without undue hardship. Thus, the parties' forum selection clause should be enforced.

### Conclusion

For the foregoing reasons, AMDG prays that this Court dismiss AMDG for lack of personal jurisdiction over it, or, in the alternative, transfer this case to the Superior Court of Cobb County, Georgia.

Respectfully submitted,

**DEAN & BARRETT**

_____
Joseph L. Dean, Jr.
ASB-0049-D54J

457 S. 10th Street
Opelika, Alabama 36801
Telephone: (334) 749-2222

                                        **FOLTZ MARTIN, LLC**

                                        */s/ Halsey G. Knapp, Jr.*

                                        Halsey G. Knapp, Jr.
                                        Georgia Bar No. 425320
                                        Mary Lillian Walker
                                        Georgia Bar No. 732370

Five Piedmont Center, Suite 750      (Motion for Admission *Pro*
Atlanta, Georgia 30305-1541         *Hac Vice* is being submitted
Telephone: (404) 231-9397           concurrently)
Facsimile: (404) 237-1659

620308.1                                                                                  8

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the BRIEF IN SUPPORT OF AMDG, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE SUPERIOR COURT OF COBB COUNTY, GEORGIA on all parties to this action by United States mail, postage prepaid to:

> Timothy L. Dillard
> Dillard & Associates, L.L.C.
> The Berry Building, Ste. 400
> 2015 Second Avenue North
> Birmingham, Alabama 35203

This is the 28 day of November, 2007.

**DEAN & BARRETT**

_/s/ Joseph L. Dean_
Joseph L. Dean, Jr.
ASB-0049-D54J

457 S. 10th Street
Opelika, Alabama 36801
Telephone: (334) 749-2222