IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) | |
| Plaintiffs, | ) | 3:07-CV-01022-MHT-CSC |
| v. | ) ) ) | |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER AND CONDITIONAL CROSS-CLAIM OF DEFENDANT AMDG, INC.

COMES NOW Defendant AMDG, INC. (AMDG), by special appearance and without submitting to the jurisdiction of this Court, and answers the complaint of Plaintiffs Steven Dembo, Patrick Bolt, and Timothy Snyder (Plaintiffs) and files a cross-claim against Defendant CSX Transportation, Inc. as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim for which relief can be granted.

619889.1                                                                                                      1

## SECOND AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over this case and venue is improper here in light of the forum selection clause in the contract between AMDG and Plaintiffs providing for exclusive jurisdiction and venue in either the state courts of Cobb County, Georgia or the United States District Court for the Northern District of Georgia.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims for fraudulent inducement and willful, reckless and negligent misrepresentation fail as these claims cannot be based on statements or promises regarding future events.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for intentional infliction of emotional distress fail because AMDG (1) did not act intentionally or recklessly, (2) its conduct was not extreme or outrageous, and (3) it did not cause Plaintiffs severe emotional distress.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because there is no causal connection between AMDG's alleged actions and Plaintiffs' alleged injuries.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of release, waiver, estoppel, laches and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, and their claim for damages fail.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted, in whole or in part, by the Railway Labor Act, 45 U.S.C. § 184.

## NINTH AFFIRMATIVE DEFENSE

AMDG responds to the numbered paragraphs of Plaintiffs' complaint as follow:

## COUNT ONE

### FRAUDULENT INDUCEMENT

1.

AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1.

2.

AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2.

3.

AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 3.

4.

AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 4.

5.

AMDG admits that it is a foreign corporation. AMDG denies that it has done business in Chambers County, Alabama.

6.

AMDG seeks potential employees for training for potential employment with CSXT. AMDG listed potential job vacancies on its website. Plaintiffs submitted electronic applications over the internet on which they listed choices of places of employment. Bolt listed his first, second and third choices Atlanta AWP, Montgomery, and the State of Georgia. Snyder listed his first, second and third choices as Atlanta, Montgomery and the State of Georgia. Dembo listed his first, second and

third choices as Montgomery, Montgomery, and the State of Alabama. AMDG denies the remaining averments of Paragraph 6.

7.

AMDG admits it contacted Plaintiffs Dembo and Snyder on or about October 28, 2005 and Plaintiff Bolt on or about November 5, 2005 and notified them that they had been accepted into the AMDG Railroad Conductor Program. The letters referenced speaks for themselves. AMDG denies the remaining averments of Paragraph 7.

8.

Admitted.

9.

AMDG admits that CSXT contacted Plaintiffs on or about December 27, 2007 through Denise Purdie. Those letters speaks for themselves. AMDG is without knowledge or information sufficient to form a belief as to truth of the remaining averments of Paragraph 9 and thus denies same.

10.

The letters referenced speak for themselves. AMDG notes that Bolt's letter informs him that he must report to Atlanta AWP. AMDG is without knowledge or information sufficient to form a belief as to the truth of any of the remaining averments of Paragraph 10 and thus denies same.

11.

AMDG admits that on January 13, 2006, Plaintiffs completed the AMDG conductor training program. AMDG is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 11 and thus denies same.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## COUNT TWO

17.

AMDG re-alleges and incorporates its responses to paragraphs 1-16 as if fully restated herein.

18.

AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 and thus denies same.

19.

AMDG denies the averments of Paragraph 19.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## COUNT THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20.

AMDG re-alleges and incorporates its responses to paragraphs 1-19 as if fully restated herein.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## COUNT FOUR

### WILLFUL MISREPRESENTATION

25.

AMDG re-alleges and incorporates its responses to paragraphs 1-24 as if fully restated herein.

26.

Denied.

27.

Denied.

28.

Denied.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## COUNT FIVE

## RECKLESS MISREPRESENTATION

29.

AMDG re-alleges and incorporates its responses to paragraphs 1-28 as if fully restated herein.

30.

Denied.

31.

AMDG runs a training program and does not do any hiring. AMDG is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31 and thus denies same.

32.

Denied.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## COUNT SIX

## NEGLIGENT MISREPRESENTATION

33.

AMDG re-alleges and incorporates its responses to paragraphs 1-32 as if fully restated herein.

34.

Denied.

35.

AMDG runs a training program and does not do any hiring. AMDG is without knowledge or information sufficient to form belief as to the truth of the averments of Paragraph 35 and thus denies same.

36.

Denied.

WHEREFORE, AMDG prays the Plaintiffs' Complaint be dismissed with prejudice, that all costs be taxed against Plaintiffs, and that AMDG have such other and further relief as is just and proper.

## CONDITIONAL CROSS-CLAIM

To the extent it is determined that this Court has jurisdiction over these parties and that venue is proper here, AMDG states its conditional cross-claim against CSX Transportation, Inc. ("CSXT") as follows:

1.

Any representation AMDG made to Plaintiffs regarding Plaintiffs' location of opening was first made to AMDG by CSXT.

2.

To the extent AMDG is liable to Plaintiffs for its statement, CSXT is liable to AMDG.

WHEREFORE, AMDG demands judgment against CSXT for any amount AMDG is found liable to Plaintiffs.

This 28th day of November, 2007

Respectfully submitted,

**DEAN & BARRETT**

_____
Joseph L. Dean, Jr.
ASB-0049-D54J

457 S. 10th Street
Opelika, Alabama 36801
Telephone: (334) 749-2222

**FOLTZ MARTIN, LLC**

_____
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Mary Lillian Walker
Georgia Bar No. 732370
(Motion for Admission *Pro*

Five Piedmont Center, Suite 750

Atlanta, Georgia 30305-1541
Telephone: (404) 231-9397
Facsimile: (404) 237-1659

*Hac Vice* is being submitted concurrently).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the Answer of AMDG, Inc. on all parties to this action by United States mail, postage prepaid to:

>Timothy L. Dillard
>Dillard & Associates, L.L.C.
>The Berry Building, Ste. 400
>2015 Second Avenue North
>Birmingham, Alabama 35203

This is the 28 day of November, 2007.

DEAN & BARRETT

*Joseph L. Dean, Jr.*
Joseph L. Dean, Jr.
ASB-0049-D54J

457 S. 10th Street
Opelika, Alabama 36801
Telephone: (334) 749-2222

619889.1                                                                 13