## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN DEMBO,** | ) | |
| **PATRICK BOLT, and** | ) | |
| **TIMOTHY SNYDER,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:07cv1022-MHT** |
| | ) | |
| **CSX TRANSPORTATION, INC., and** | ) | |
| **AMDG, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFFS' MOTION TO REMAND

**COMES NOW**, Plaintiffs STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER

(hereinafter "Plaintiffs"), by and through undersigned counsel, hereby file this Motion to Remand[1]

pursuant to 28 U.S.C. § 1447(c) and as grounds therefor allege as follows:

### SUMMARY OF PLAINTIFFS' ARGUMENT

Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over any action which is

founded upon complete diversity of all interested parties ***and*** where the amount in controversy is in

excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff does not dispute

that there is complete diversity between the parties. Rather, Plaintiffs' Motion to Remand is

premised upon the ground that this Court does not have jurisdiction over their claim pursuant to 28

U.S.C. § 1332 because the amount in controversy ***does not*** exceed the statutory requirement of an

amount in excess of $75,000.00. As further discussed, *infra*, Plaintiffs' Motion to Remand should

be granted.

---

1.    Plaintiffs' have concurrently filed a Motion to Stay the Rule 26(f) report containing the discovery plan until
a ruling on the present motion has been made.

## FACTUAL BACKGROUND

1.      On or about October 11, 2007, Plaintiffs filed a civil action in the Circuit Court of Chambers County, Alabama against Defendant CSX TRANSPORTATION, INC.; Defendant AMDG, INC.; fictitious Defendants 3, 4, and 5; and fictitious Defendants 6, 7, and 8 (hereinafter "Defendants"), then known as *Civil Action Number: CV-07-289*.  A true and correct copy of Plaintiffs Complaint is attached hereto and incorporated herein as **Exhibit "A."**

2.      Plaintiffs Complaint alleges six (6) causes of action against Defendants under color of state law.  For purposes of conferring jurisdiction, and within each cause of action alleged in their Complaint, Plaintiffs, each individually, made prayers for relief "in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and ***not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000)*.**..."  *See* **Exhibit "A."**  Plaintiffs' therefore clearly disclaimed their right to recover an amount in excess of $75,000.00.

3.      On or about November 19, 2007 Defendants' filed a Notice of Removal with this Court based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(a). A true and correct copy of Defendants' Notice of Removal is attached hereto and incorporated herein as **Exhibit "B."**

4.      More specifically, and as basis for their Notice of Removal, Defendants' alleged, in essence, that because each of the six counts averred in Plaintiffs' Complaint represents a separate cause of action, and because each cause of action contains a separate prayer for relief in an amount up to $75,000.00, there is a potential total of $450,000.00 in damages available for each Plaintiff. Defendants' further state that the aggregate of these amounts therefore satisfy the $75,000.00 jurisdictional requirement pursuant to 28 U.S.C. § 1332.  *See* **Exhibit "B" at ¶ 7.**  However, and

as further discussed *infra*, Defendants' grounds for the basis of their Notice of Removal is misplaced.

5.    Plaintiffs' file the present Motion to Remand to remand this case to the Circuit Court of Chambers County, Alabama, pursuant to 28 U.S.C. § 1447(c).

## STANDARD OF REVIEW FOR REMOVAL/REMAND

Federal courts are vested with original jurisdiction over matters where there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Any action based upon diversity and the requisite amount in controversy may then be removed by the defendant or defendants pursuant to 28 U.S.C. § 1446. Therefore, "[r]emoval is proper over any action that could have originally been filed in federal court." *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 158 F. Supp. 2d 866, 867 (E.D. Ill. 2001) (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)). Further, "[j]urisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 *fn 13 (11th Cir. 1994); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). "However, [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967,972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, ***all doubts about jurisdiction should be resolved in favor of remand to state court***." *Id.* at 411 (emphasis added)

(citation omitted); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006); *In re Business Men's Assur. Co. of America*, 992 F. 2d 181 (8th Cir. 1993). "Generally, this means that a removing defendant has a heavier burden to carry in order to prove the requisite amount in controversy than would a plaintiff initially filing a case in federal court." *Gonzalez-Lopez v. Fahle*, 2005 WL 2708832 (E.D. Mo. 2005); *see also Kopp v. Kopp*, 280 F. 3d 883 (8th Cir. 2002).

## LEGAL ARGUMENT

In their Notice of Removal, Defendants' argue, in essence, that they should be allowed to aggregate Plaintiffs' counts in their Complaint that have been pleaded in the alternative to establish the $75,000.00 jurisdictional amount necessary to remove this case to federal court. Indeed, Plaintiffs' have asserted prayers for relief within each count of their Complaint that state:

> **WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000)** *and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75.000)* **in compensatory and punitive damages, plus interest and costs of court.**

*See* **Exhibit "A"** (emphasis added). However, Defendants are not entitled to aggregate these amounts as stated in the Complaint because, as discussed below, Plaintiffs' have merely asserted different legal theories of recovery for the same injury.

This facts of this case are similar to those in *Hill v. United Ins. Co. of America*, 998 F. Supp. 1333 (M.D. Ala. 1998). In *Hill*, the plaintiff filed a complaint asserting causes of action both in tort and in contract. *Hill*, 998 F. Supp. at 1335. Further, the plaintiffs complaint sought damages in the amount of $75,000.00 for the tortious injury, as well as damages for less than $1,000.00 for the breach of contract claims. *Id.* Defendant argued that the plaintiffs complaint met the jurisdictional requirements of $75,000.00 because the plaintiff could recover on both theories and therefore the

amounts of the two claims could be aggregated above the $75,000.00 jurisdictional requirement. *Id.* at 1336.

However, the court disagreed and remanded the case stating that:

> **a plaintiff may recover both in contract and tort for the same events, [but] it is also clear that a plaintiff may not get a 'double recovery' for compensatory damages based on breach of contract. In other words, whatever items of damage are compensated for as damage resulting from the breach of contract may not also be compensated for as damages in a tort claim.**

*Id.* at 1337 (emphasis added). The court then went on to state that the "amounts requested in the [c]omplaint may not be added together for purposes of [this court's jurisdiction]" and that the damages sought by plaintiff "in the amount of $75,000 [was] a statement as to the total amount of damages sought." *Id.* at 1338.

Further, in the case of *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, the court stated that "[separate claims] pleaded in the alternative under separate legal theories *cannot* be aggregated for jurisdictional purposes." 158 F. Supp. 2d 866, 868 (E.D. Ill. 2001). In *Holmes*, a case similar to the case a bar, the plaintiff filed a complaint in state court asserting two counts, one for negligence and one for strict liability. *Id.* at 867. She sought damages within each count in the complaint in an amount exceeding $50,000.00. *Id.* Defendant argued that plaintiff's claims were really two claims, rather than one claim pleaded under two legal theories. *Id.* Defendant then sought to remove the case to federal court, arguing that because the plaintiff's complaint was seeking an amount in excess of $50,000.00 for both claims, Defendant should be allowed to aggregate those claims to an amount of $75,000.00 as required by 28 U.S.C. § 1332. *Id.*

-5-

However, the court held that the defendant could not aggregate the claims to reach the jurisdictional amount of $75,000.00 because the two claims were "'merely different bases for a single recovery.'" *Id.* at 868 (quoting *Indiana Harbor Belt R.R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1445 (7th Cir. 1988). The court further stated that it is a "'basic tenet that a plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury.'" *Id.* (quoting *Kipnis v. Meltzer*, 625 N.E.2d 320, 322 (1993)).

Similar to the cases of *Hill* and *Holmes*, Defendants in the instant case are seeking to aggregate separate claims pled in the alternative under separate legal theories for purposes of establishing jurisdiction in federal court. Defendants' argue that since Plaintiffs' have asserted an *ad damnum* clause in each count of their complaint for an amount not to exceed $75,000.00, Plaintiffs' are asking for a total of up to $450,000.00 in damages for each Plaintiff. Yet, Defendants cite no law in their Notice of Removal which allows them to aggregate the amounts under these separate legal theories of recovery. Rather, Defendants cite *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938) and *Tuscano v. Evening Journal Assoc.*, 2006 WL 1208047 (11th Cir. May 4, 2006), neither of which address the issues pertinent for their theory of removal. Therefore, Plaintiffs Motion to Remand should be granted as a matter of law.

Finally, the Eleventh Circuit has held that, "where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a 'legal certainty' that plaintiff's claims would not yield a recovery less that the jurisdictional amount." *Hogans v. Reynolds*, 2005 WL 1514070, at *2 (M.D. Ala. 2005). In *Hogans*, the plaintiff asserted a number of counts in his complaint in state court based upon a single incident and sought damages, "the sum of which is not to exceed $75,000.00." *Id.* at *1. The defendant then removed the case to

federal court pursuant to 28 U.S.C. § 1332. *Id.* However, plaintiff sought remand of the case contending that the amount in controversy did not exceed $75,000.00. *Id.* Faced with the "heavy burden" of proving that damages exceed $75,000.00, the court remanded the case because the defendant was unable to prove to a ***legal certainty*** that plaintiff would not yield a recovery less than $75,000.00. *Id.* at *2-3.

Similar to *Hogans*, Plaintiffs' asserted in their Complaint damages in an amount ***not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00)***. *See* **Exhibit "A"** (emphasis added). Defendants' have demonstrated no facts which prove to a legal certainty that Plaintiff would not yield a recovery less than the minimum $75,000.00 as required in 28 U.S.C. § 1332. Thus, as a matter of law, Plaintiffs' Motion to Remand should be granted and this cause remanded to the Circuit Court of Chambers County, Alabama for further proceedings.

## CONCLUSION

In light of the foregoing, Defendants' cannot legally aggregate Plaintiffs' counts pled in the alternative to satisfy the amount in controversy requirement of 28 U.S.C. § 1332 under the pretense that each count represents a distinct and separate cause of action. Additionally, Defendants cannot prove to a ***legal certainty*** that Plaintiffs would not yield a recovery less than the statutory minimum of $75,000.00. As such, Defendants have failed to meet their burden of establishing the essential requirements of federal subject matter jurisdiction, and thus, Plaintiffs Motion to Remand to the Circuit Court of Chambers County, Alabama is should be granted pursuant to 28 U.S.C. § 1447(c).

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs' respectfully request that this Honorable Court to Remand the above-styled case to the Circuit Court of Chambers County, Alabama.

Respectfully Submitted,

s/ Timothy L. Dillard
Timothy L. Dillard
DILLARD AND ASSOCIATES, L.L.C
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
Email: dillardandassoc@aol.com
ASB-1618-D63T

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| **STEVEN DEMBO,** ) | |
| **PATRICK BOLT, and** ) | |
| **TIMOTHY SNYDER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.: 3:07cv1022-MHT** |
| ) | |
| **CSX TRANSPORTATION, INC., and** ) | |
| **AMDG, INC., et al.** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: William C. Barker, Esq., Paul, Hastings, Janofsky & Walker, LLP, Suite 2400, 600 Peachtree Street, N.E., Atlanta, GA 30308-222; Joe L. Dean, Jr., Esq., Dean & Barrett, 457 S. 10th Street, Opelika, AL 36801; Halsey G. Knapp, Jr., Esq., Foltz Martin, LLC, Five Piedmont Center, Suite 750, Atlanta, GA 30305; and hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

Respectfully Submitted,

s/ Timothy L. Dillard
Timothy L. Dillard
DILLARD AND ASSOCIATES, L.L.C
Fourth Floor, Berry Building
2015 Second Avenue North
Birmingham, Alabama 35203
Email: dillardandassoc@aol.com
ASB-1618-D63T

# Exhibit "A"

## IN THE CIRCUIT COURT FOR CHAMBERS COUNTY, ALABAMA

STEVEN DEMBO, an individual;       )
PATRICK BOLT, an individual; and   )
TIMOTHY SNYDER, an individual;     )
                                   )
    Plaintiffs,                  )
                                   )
v.                                 )    Civil Action No.: _CV07-289_
                                   )
CSX TRANSPORTATION, INC., a        )
corporation; AMDG, INC., a corporation; )
Defendants 3, 4, and 5, those persons or )
institutions responsible for making )
the employment decisions regarding the )
Plaintiffs made the basis of the Complaint; )
Defendants 6, 7, and 8, those persons, )
firms, or entities who willfully, recklessly, or )
negligently misrepresented to the Plaintiff )
material facts regarding the location and )
salary of employment as alleged in the )
Complaint; all of whose true names and )
legal identities are unknown to the Plaintiff )
at this time but will be added by amendment )
when ascertained, )
                                   )
    Defendants.                  )



FILED IN OFFICE THIS

OCT 1 1 2007

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## COMPLAINT

## COUNT ONE

## FRAUDULENT INDUCEMENT

1.    Plaintiff Steven Dembo, is over the age of nineteen (19) and is a resident of Valley,

Chambers County.

2.    Plaintiff Patrick Bolt, is over the age of nineteen (19) and is a resident of Valley,

Chambers County.

3.    Plaintiff Timothy Snyder, is over the age of nineteen (19) and is a resident of Lanett,

Chambers County.

4.  The Defendant, CSX Transportation, Inc., (CSXT) is a foreign corporation who at all times material to this complaint was doing business in Chambers County, Alabama.

5.  The Defendant, AMDG, Inc., (AMDG) is a foreign corporation who at all times material to this complaint was doing business in Chambers County, Alabama.

6.  At all times mentioned in this complaint, AMDG was seeking employees for CSXT located at the Montgomery, Alabama AWP subdivision. For that purpose, AMDG put information concerning the position on AMDG's website. Plaintiffs inquired about the CSXT Montgomery A&WP conductor position and applied.

7.  On or about October 28, 2005, AMDG contacted Plaintiffs notifying them that they had been accepted into the AMDG Railroad Conductor Program. The letter stated that in order to secure a spot, Plaintiffs needed to submit the full tuition payment of four thousand five hundred dollars ($4,500.00). The location of the opening listed by AMDG was AWP-Montgomery.

8.  Plaintiffs paid the tuition payment, enrolled in the Conductor Program, and successfully completing 200 hours of training in the AMDG Freight Conductor Training course.

9.  On December 27, 2005, CSXT contacted Plaintiffs Dembo, Bolt, and Snyder, by a letter through its agent/employee Denise Purdie. The letter was an offer of employment, which was contingent upon several factors. First, the Plaintiffs had to complete the conductor training program; second, the Plaintiffs had to pass several post offer physical examinations prior to beginning employment with CSXT; and third, CSXT was to conduct a background investigation of each Plaintiff.

10.  The letter stated that if all of the hiring criteria are met, the Plaintiffs would attend CSX

Field Training in REDI and then be placed on the AWP roster. The letter also stated that after completing approximately one to two weeks of training you will report to Montgomery AWP.

11. On or about January 13, 2006, Plaintiffs graduated from the AMDG and the CSXT's REDI training courses. On the day of graduation, Plaintiffs' Dembo and Snyder were told they were not going to work at the Montgomery AWP subdivision but would have to report to the Montgomery M & M subdivision and Plaintiff Bolt was told he would have to report to Atlanta AWP. Denise Purdie, director of conductor training CSXT acting within the course and scope of her employment, stated that if Plaintiffs did not like it that they could go hire on with another railroad. Purdie further stated that CSXT knew the first week of training that they didn't need anyone for AWP, but fialed to notify Plaintiffs because she "dropped the ball." Plaintiffs would have withdrawn from training and received a refund for most of their tuition.

12. AMDG and CSXT falsely, fraudulently, and with an intent to deceive Plaintiffs represented to Plaintiffs that if Plaintiffs paid the tuition and completed the required training, Plaintiffs would begin work at the Montgomery, Alabama AWP location.

13. The representations mentioned above were false when AMDG and CSXT made them in that AMDG and CSXT never intend for Plaintiffs to work at the AWP location, but instead intended for Plaintiffs to work at the Montgomery M & M location.

14. AMDG and CSXT knew the representations were false when they were made, or AMDG and CSXT made the representations mentioned above with a reckless disregard for their truth or falsity in that upon Plaintiffs completion of the required training Plaintiffs were

notified that they would be working at the Montgomery M & M location or the Atlanta AWP location.

15.    Plaintiffs reasonably believed and relied on the representations described above and, as a result, were induced to resign from their jobs, to expend money for training, to expend days of time in traveling, and to go for weeks without a paycheck, all of which proved to be futile in that Plaintiffs were not able to accept the position offered by CSXT because it was different from what it had been represented to be. Plaintiffs were forced to work at the Montgomery M & M location or the Atlanta AWP location for less pay or to find employment elsewhere.

16.    As a result of the fraud and fraudulent representations described above, which Plaintiffs reasonably relied on, the Plaintiffs have suffered the following injuries:

> **The Plaintiffs were defrauded and/or intentionally, recklessly, and/or negligently lied to; Plaintiffs have been forced to endure financial hardship; Plaintiffs have suffered emotional distress and mental anguish over their financial conditions; Plaintiffs have expended monies and have not received the benefit of the employment promised; Plaintiffs have been forced to expend time and energies concerning future employment.**

**WHEREFORE,** the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

### COUNT TWO

17.    Plaintiffs reallege and incorporate paragraphs one (1) through sixteen (16) of the Complaint herein and further avers that:

18.    Defendants 3, 4, and 5 are those persons or institutions responsible for making the

employment decisions regarding the Plaintiffs made the basis of the Complaint.

19. As a direct and proximate result of these decisions, the Plaintiffs were injured as set out in paragraph sixteen (16) above.

**WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

## COUNT THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiffs reallege and incorporate paragraphs one (1) through nineteen (19) of the Complaint herein and further avers that:

21. Defendants had a duty to Plaintiffs to act appropriately with respect to Plaintiffs' employment with Defendants, to honor their representations and promises, and to exercise due care with respect Plaintiffs' employment. The Defendants, all inclusive, breached that duty by fraudulently inducing Plaintiffs to resign from there jobs and expend monies in reliance on the representations and promises.

22. The acts of Defendants described in this Complaint were done willfully, maliciously, outrageously, deliberately, and intentionally with the intention to inflict emotional distress upon Plaintiffs. Such acts were done in reckless disregard of the probability of causing Plaintiffs emotional distress. These acts did in fact result in severe and extreme emotional distress to the Plaintiffs.

23. Defendants knew or should have known that their conduct would cause Plaintiffs severe emotional distress and mental suffering.

24.     As a direct and proximate result of the extreme and outrageous conduct of Defendants
        alleged in this complaint, Plaintiffs have suffered and continue to suffer severe emotional
        distress and mental suffering, anxiety, trauma, stress, embarrassment, and humiliation.

        **WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an
amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-
FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest
and costs of court.

## COUNT FOUR

### WILLFUL MISREPRESENTATION

25.     The Plaintiffs re-allege and incorporate paragraphs one (1) through twenty-four (24) of
        the Complaint herein and further aver that:

26.     The Defendants, named and fictitious, willfully misrepresented to the Plaintiffs the fact
        that they would be hired on at the Montgomery AWP location.

27.     The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

28.     As a direct and proximate result of the Defendants' willful misrepresentation, the
        Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

        **WHEREFORE**, the Plaintiffs, individually, demand judgment of the Defendants in an
amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-
FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest
and costs of court.

## COUNT FIVE

### RECKLESS MISREPRESENTATION

29.     The Plaintiffs reallege and incorporate paragraphs one (1) through twenty-eight (28) of

the Complaint herein and further aver that:

30.  The Defendants, named and fictitious, recklessly misrepresented to the Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

31.  The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

32.  As a direct and proximate result of the Defendants' reckless misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest and costs of court.

## COUNT SIX

## NEGLIGENT MISREPRESENTATION

33.  The Plaintiffs reallege and incorporate paragraphs one (1) through thirty-two (32) of the Complaint herein and further aver that:

34.  The Defendants, named and fictitious, mistakenly or negligently misrepresented to the Plaintiffs the fact that they would be hired on at the Montgomery AWP location.

35.  The Defendants failed to hire Plaintiffs for the Montgomery AWP location.

36.  As a direct and proximate result of the Defendants' mistaken or negligent misrepresentation, the Plaintiffs have been injured and damaged as stated in paragraph sixteen (16) above.

WHEREFORE, the Plaintiffs, individually, demand judgment of the Defendants in an amount in excess of TEN-THOUSAND DOLLARS ($10,000) and not to exceed SEVENTY-FIVE THOUSAND DOLLARS ($75,000) in compensatory and punitive damages, plus interest

and costs of court.

DILLARD & ASSOCIATES, L.L.C.
**Attorneys for the Plaintiff**

Timothy L. Dillard (DIL 003)
The Berry Building, Suite 400
2015 Second Avenue North
Birmingham, Alabama 35203
(205) 251-2823

**Trial Counsel:**
Timothy L. Dillard (DIL 003)
Stewart S. Wilbanks (WIL 312)

## ** PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

OF COUNSEL

**Defendant's Address:**                    (Please serve by certified mail)

**CSX Transportation, Inc.**
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

**AMGD, Inc.**
200 Galleria Parkway
Suite 2000
Atlanta, Georgia 30339

# Exhibit "B"

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | |
|---|---|
| STEVEN DEMBO,<br>PATRICK BOLT, and<br>TIMOTHY SNYDER,<br><br>    Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.<br>and AMDG, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

To:    Clerk of the Court
       United States District Court
       Middle District of Alabama

       PLEASE TAKE NOTICE that Defendant CSX Transportation, Inc. ("CSXT") and Defendant AMDG, Inc. ("AMDG"), through their separate undersigned counsel, hereby remove the civil action entitled *"CSXT Transportation, Inc., a corporation; AMDG, Inc., a corporation; Defendants 3-5 and Defendants 6-8,"* Civil Action No. CV-07-289 (the "State Court Action"), from the Circuit Court of Chambers County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama. This removal is based on federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441(a). In accordance with 28 U.S.C. § 1446(a), Defendants make the following statements regarding the grounds for removal:

       1.    Pursuant to 28 U.S.C. § 1446(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court for the district and division embracing the place where such action is

pending. Removal to this Court is proper under 28 U.S.C. § 1446(a) because the Middle District of Alabama is the district within which the lawsuit was pending prior to removal.

2.     This Court has original jurisdiction over a state court action pursuant to 28 U.S.C. § 1332 if there is diversity of citizenship between the parties in such action and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

3.     The Complaint states that Plaintiffs Dembo, Bolt and Snyder are residents of the State of Alabama. (*See* Compl. at ¶¶ 1-3, attached hereto as Exhibit A.) Upon information and belief, Plaintiffs Dembo, Bolt and Snyder are citizens of the State of Alabama

4.     Pursuant to 28 U.S.C. § 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. Defendant CSXT is a Virginia corporation with its principal place of business in Florida. (*See* Declaration of William C. Barker, dated November 19, 2007 ("Barker Decl."), ¶ 3, attached hereto as Exhibit B).

5.     Defendant AMDG is a Georgia corporation with its principal place of business in Georgia. (*See* Declaration of Lance Duncan, dated November 16, 2007 ("Duncan Decl."), ¶ 2, attached hereto as Exhibit C).

6.     Thus, complete diversity of citizenship exists between the parties.

7.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' Complaint seeks up to $75,000 per Plaintiff in compensatory damages and punitive damages for *each* of the six counts in the Complaint, each of which purports to represent a separate cause of action. (*See* Complaint, prayers for relief in Counts One through Six). Because the six claims for up to $75,000 each represent a total of up to $450,000 in damages for each Plaintiff, the amount in controversy requirement is satisfied. *See St. Paul Mercury Indemnity Co. v. Red Cab*

*Co.*, 303 U.S. 282, 288-89 (1938) (amount in controversy satisfied unless pleadings establish with "legal certainty" that the claim is below the jurisdictional minimum); *see also Tuscano v. Evening Journal Assoc.*, No. 05-16207, 2006 WL 1208047, at * 3 (11th Cir. May 4, 2006) (district court erred in concluding that it lacked jurisdiction over matter where the parties were citizens of different states and the amount in controversy reflected on the face of the complaint exceeded $75,000).

8.    Accordingly, this Court has original jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1332.

9.    Removal is not otherwise barred by 28 U.S.C. § 1441(b) because none of the Defendants are citizens of Alabama.

10.    Defendant CSXT was served with a Summons and Complaint in the State Court Action no earlier than October 22, 2007. Defendant AMDG was served with a Summons and Complaint in the State Court Action no earlier than October 23, 2007. This Notice is therefore timely filed under 28 U.S.C. § 1446(b).

11.    In accordance with 28 U.S.C. § 1446(a), a copy of all papers served upon Defendants CSXT and AMDG in the State Court Action are attached hereto as Exhibit A.

12.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to Plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court of Chambers County, Alabama.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Chambers County, Alabama, to the United States District Court for the Middle District of Alabama.

Respectfully Submitted,

William C. Barker
ASB-3411-R71W

PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400 (telephone)
(404) 815-2424 (facsimile)

Counsel for Defendant
CSX Transportation, Inc.

Joe L. Dean, Jr.
ASB-0049-D54J

DEAN & BARRETT
457 S. 10th Street
Opelika, Alabama 36801
(334) 749-2222 (telephone)

Halsey G. Knapp, Jr.
Motion for Admission Pro Hac Vice To Be Filed
Mary Lillian Walker
Motion for Admission Pro Hac Vice To Be Filed

FOLTZ MARTIN, LLC
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305
404-231-9397 (telephone)
404-237-1659 (facsimile)

Counsel for Defendant
AMDG Inc.