IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) 3:07-CV-01022-MHT-CSC |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) |
| Defendants. | ) ) ) |

**DEFENDANT CSX TRANSPORTATION INC.'S RESPONSE TO DEFENDANT AMDG, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE SUPERIOR COURT OF COBB COUNTY, GEORGIA**

I.  INTRODUCTION

Defendant CSX Transportation, Inc. ("CSXT") respectfully submits this response to Defendant AMDG, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer to the Superior Court of Cobb County, Georgia ("Motion") (Docket No. 11).  For the reasons stated below, CSXT objects to AMDG's Motion to the extent that is seeks a the "transfer" of this action to the Superior Court of Cobb County, Georgia (as no procedural basis exists for such a transfer) but consents to the Motion to the extent that it seeks a transfer of this action to the United States District Court for the Northern District of Georgia.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   This Court Cannot "Transfer" This Action to the Superior Court of Cobb County, Georgia.

As an initial matter, this Court cannot "transfer" this action to the Superior Court of Cobb County, Georgia, as there is no procedural vehicle by which a federal district court can "transfer" a case to a state court.  See Bassett Seamless Guttering, Inc. v. Gutterguard, LLC, No. Civ. 1:05CV00184, 2006 WL 156874, at *7 (M.D.N.C. Jan. 20, 2006) (federal court in North Carolina could not transfer case to state court in Colorado); Alex v. Northumberland County Prison, No. 1:CV-04-1913, 2005 WL 2315452, at *4 (M.D. Pa. Sept. 22, 2005) (federal court in Pennsylvania could not transfer case to Pennsylvania state court).  Thus, CSXT presumes that AMDG is seeking to have this case dismissed with leave for Plaintiff to re-file in Cobb County, Georgia, or, alternatively, transferred to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).[1]

### B.   CSXT Consents to the Transfer of this Action to the United States District Court for the Northern District of Georgia.

CSXT is not a signatory to the forum selection agreements between Plaintiffs and AMDG and takes no position regarding the enforceability of those agreements.  Nevertheless, CSXT agrees that the Northern District of Georgia is a more appropriate venue for litigation of this action and consents to transfer of this action to the Northern District of Georgia pursuant to §

---

[1] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Similarly, 42 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

1404(a) or § 1406(a). Indeed, as noted below, the Northern District of Georgia is a particularly appropriate venue for litigation of this action, as (1) all the events that allegedly give rise to this action occurred within the Northern District of Georgia and (2) the substantive law of Georgia, not that of Alabama, governs Plaintiff's claims in this case.

> 1. **The Events that Allegedly Give Rise to this Action Occurred Within the Northern District of Georgia.**

Although a plaintiff's choice of forum is usually entitled to deference, such deference is not warranted where, as here, the chosen forum lacks any significant connection with the claim. See Bell v. K-Mart Corp., 848 F. Supp. 996, 1000 (N.D. Ga. 1994) (granting motion to transfer venue where plaintiffs' claims were unrelated to chosen forum and, therefore, plaintiffs' choice of forum was entitled to reduced weight). See also Truserv Corp. v. Neff, 6 F. Supp. 2d 790, 793-94 (N.D. Ill. 1998) (transferring case to federal court in Pennsylvania where, although case was originally filed in state court in Illinois and later removed to federal court in Illinois, alleged conduct giving rise to action occurred in Pennsylvania; "when 'the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value'") (internal citation omitted).

Other than Plaintiffs' residence within the Middle District of Alabama, this District has little or no connection to the claims at issue in this case, as all the events that allegedly gave rise to this action occurred within the Northern District of Georgia. Specifically, in their Complaint, Plaintiffs allege that AMDG and CSXT made false representations to them while they attended AMDG's Conductor Training Program in Peachtree City, Georgia and/or Atlanta, Georgia – both of which are situated within the Northern District of Georgia – and while they attended CSXT's REDI Training Center in Atlanta, Georgia. (Compl. at ¶¶ 10-15; Second Declaration of Lance

Duncan [hereinafter "Duncan Decl."] at ¶ 2-3). While it is unclear how exactly Plaintiffs allege that they were injured by such alleged "false representations," presumably Plaintiffs intend to argue that they relied on the alleged misrepresentations *while they were physically present in the Northern District of Georgia* and, as a result, suffered financial injury in connection with their enrollment in the AMDG training program and in their subsequent training at CSXT's REDI Training Center. (See Compl. at ¶¶ 11, 15).

Moreover, other than the Plaintiffs themselves, apparently none of the witnesses who may be called upon to testify in this action reside in the Middle District of Alabama. According to AMDG, only four AMDG employees are familiar with the facts underlying this lawsuit and all of those four employees reside in the Atlanta area. (Duncan Decl. at ¶ 5). Although CSXT has not yet identified all the witnesses whom it may call to testify in this action, CSXT is not presently aware of any current or former CSXT employees who reside in the Middle District of Alabama who may be called as witnesses in this case. To the contrary, CSXT presently believes that all or most of its employees who are familiar with the alleged facts underlying this suit reside in the Atlanta Division of the Northern District of Georgia or the Jacksonville Division of the Middle District of Florida. Thus, transfer of this action to the Northern District of Georgia (where many of the witnesses reside) is particularly appropriate in light of the convenience that such a transfer would provide for the prospective witnesses. See Merritt v. Jay Pontiac-GMC Truck, 952 F. Supp. 754, 756 (M.D. Ala. 1996) (transferring case from Middle District of Alabama to Middle District of Georgia because principal defense witnesses, who were employees of defendant, resided in Georgia; "[t]he most important factor in passing on a motion to transfer under section 1404(a) is the convenience of the witnesses"); Insuracorp, Inc. v.

American Fid. Assurance Co., 914 F. Supp. 504, 506 (M.D. Ala. 1996) (transferring case from Middle District of Alabama to Western District of Oklahoma where majority of defense witnesses were expected to be Oklahoma-based employees of defendant).

### 2.     Georgia Substantive Law Governs Plaintiff's Claims in this Case.

Under Alabama choice of law principles, courts adjudicating fraud and tort cases must apply the substantive law of the state where the alleged injury occurred.[2]  See Bowling v. Founders Title Co., 773 F.2d 1175, 1179 (11th Cir. 1985) ("Alabama choice of law principles in tort and fraud look primarily to the law of the state where the injury occurs") (citing Pound v. Gaulding, 187 So. 468 (1939), and Griese-Traylor Corp. v. First Nat'l Bank, 572 F.2d 1039 (5th Cir. 1978)).  As noted above, in this case Plaintiffs are complaining about false representations that were allegedly made to them in Georgia and upon which they allegedly relied to their detriment while they were physically present in Georgia.  (See Compl. at ¶¶ 10-15.)  Thus, because Plaintiff's purported injuries allegedly occurred in Georgia, Georgia substantive law governs Plaintiff's claims.  See Harris v. Freightliner Corp., 354 F. Supp. 2d 1266, 1269 (M.D.

---

[2] Where a case is transferred from one district to another pursuant to 28 U.S.C. § 1404(a), the transferee district must apply the same law that the transferor district would have applied.  See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) (where there has been change of venue, federal courts must apply law of state in which action was initially filed).  Thus, as noted above, although Alabama's choice of law rules apply to this action regardless of whether or not this case is transferred to the Northern District of Georgia, under Alabama's choice of law rules, the substantive law of Georgia – not that of Alabama – governs Plaintiff's claims in this case.  See Akin v. PAFEC, Ltd., 991 F.2d 1550, 1557 (11th Cir. 1993) (where case was transferred from Eastern District of Tennessee to Northern District of Georgia, court was to apply Tennessee choice of law rules, but under Tennessee choice of law rules, Georgia substantive law applied to plaintiff's tort claims).

Ala. 2004) (under Alabama choice of law rules, Georgia law, not Alabama law, governed plaintiff's tort claims arising out of vehicular accident that occurred in Georgia).

As this Court has observed, "there is an appropriateness . . . in having the trial of a diversity case in a forum that is at home with the state law that must govern the case rather than having a court in some other forum untangle the problems in conflicts of laws and in law foreign to itself." Merritt, 952 F. Supp. at 756 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947)) (alteration in original). Because Plaintiffs' claims are governed by Georgia substantive law, transfer of this case to the Northern District of Georgia, which is more familiar with Georgia law, is appropriate and warranted. See Merritt, 952 F. Supp. at 756 (transferring case from Middle District of Alabama to Middle District of Georgia because Georgia law would govern most, if not all, of plaintiff's claims); see also Kreisner v. Hilton Hotel Corp., 468 F. Supp. 176, 179 (E.D.N.Y. 1979) (transferring case from Eastern District of New York to Northern District of Texas where claims would be governed by Texas law; "[w]hile there may not be novel or complex issues of State law to be resolved, construction of State law is best left to courts most familiar with it.")

### III.   CONCLUSION

For the reasons stated above, CSXT consents to transfer of this action to the Northern District of Georgia.

This 14th day of December, 2007.

*[signature on next page]*

|  |  |
|---|---|
|  | Respectfully Submitted, |
| PAUL, HASTINGS, JANOFSKY<br>    & WALKER LLP<br>Suite 2400<br>600 Peachtree Street, N.E.<br>Atlanta, Georgia 30308-2222<br>(404) 815-2400 (telephone) | <u>  /s /  *Daniel P. Hart*</u><br>William C. Barker<br>Ala. Bar No. BAR109<br>Daniel P. Hart<br>Ga. Bar No. 141679<br><br>Counsel for Defendant<br>CSX Transportation, Inc. |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN DEMBO, PATRICK BOLT, and TIMOTHY SNYDER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:07-CV-01022-MHT-CSC |
| CSX TRANSPORTATION, INC. and AMDG, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing **RESPONSE TO DEFENDANT AMDG, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IN THE ALTERNATIVE TO TRANSFER TO THE SUPERIOR COURT OF COBB COUNTY, GEORGIA** has been filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Ste. 400
2015 Second Avenue North
Birmingham, Alabama 35203

Joe L. Dean, Jr.
Dean & Barrett
457 S. 10th Street
Opelika, Alabama 36801

Halsey G. Knapp, Jr.
Mary Lillian Walker
Foltz Martin, L.L.C.
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305

This the 14th day of December, 2007.

                                                       */s/ Daniel P. Hart*
                                                   Attorney for Defendant
                                                   CSX Transportation, Inc.

LEGAL_US_E # 77482088.2