IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN DEMBO, | ) | |
| PATRICK BOLT, and | ) | |
| TIMOTHY SNYDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:07-CV-01022-MHT-CSC |
| | ) | |
| CSX TRANSPORTATION, INC. | ) | |
|  and AMDG, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Federal Rules of Civil Procedure 26(f), a meeting of the parties was held via telephone on Tuesday December 18, 2007. Tim Dillard was present for the Plaintiff. Mary Lillian Walker was present for the Defendant AMDG, Inc. ("AMDG"). Cory Barker was present for Defendant CSX Transportation, Inc. ("CSXT).

The parties do not request a conference with the Court before the entry of the Scheduling Order.

1.      Plaintiff's Statement of the Facts:

Plaintiff Steven Dembo, is over the age of nineteen (19) and is a resident of Valley, Chambers County, Alabama.

Plaintiff Patrick Bolt, is over the age of nineteen (19) and is a resident of Valley, Chambers County, Alabama.

Plaintiff Timothy Snyder, is over the age on nineteen (19) and is a resident of Lanett, Chambers County, Alabama.

Defendant AMDG was seeking employees for CSXT located at the Montgomery, Alabama AWP subdivision. For that purpose, AMDG put information concerning the position on AMDG's website. Plaintiffs inquired about the CSXT Montgomery A&WP conductor position and applied.

On or about October 28, 2005, AMDG contacted Plaintiffs notifying them that they had been accepted into the AMDG Railroad Conductor Program. The letter stated that in order to secure a spot, Plaintiffs needed to submit the full tuition payment of four thousand five hundred dollars ($4,500.00). The location of the opening listed by AMDG was AWP-Montgomery.

Plaintiffs paid the tuition payment, enrolled in the Conductor Program, and successfully completed 200 hours of training in the AMDG Freight Conductor Training course.

On December 27, 2005, CSXT contacted Plaintiffs Dembo, Bolt, and Snyder, by a letter through its agent/employee Denise Purdie. The letter was an offer of employment, which was contingent upon several factors. First, the Plaintiffs had to complete the conductor training program; second, the Plaintiffs had to pass several post offer physical examinations prior to beginning employment with CSXT; and third, CSXT was to conduct a background investigation of each Plaintiff.

The letter stated that if all of the hiring criteria were met, the Plaintiffs would attend CSX Field Training in REDI and then be placed on the AWP roster. The letter

also stated that after completing approximately one to two weeks of training you will report to AWP.

On or about January 13, 2006, Plaintiffs graduated from the AMDG and the CSXT's REDI training courses. On the day of graduation, Plaintiffs' Dembo and Snyder were told they were not going to work at the Montgomery AWP subdivision but would have to report to the Montgomery M&M subdivision and Plaintiff Bolt was told he would have to report to Atlanta AWP. Denise Purdie, director of conductor training CSXT acting within the course and scope of her employment, stated that if Plaintiffs did not like it that they could go hire on with another railroad. Purdie further stated that CSXT knew the first week of training that they didn't need anyone for AWP, but failed to notify Plaintiffs because she "dropped the ball." Plaintiffs would have withdrawn from training and received a refund for most of their tuition.

AMDG and CSXT falsely, fraudulently, and with an intent to deceive Plaintiffs represented to Plaintiffs that if Plaintiffs paid the tuition and completed the required training, Plaintiffs would begin work at the Montgomery, Alabama AWP location.

The representations mentioned above were false when AMDG and CSXT made them in that AMDG and CSXT never intended for Plaintiffs to work at the AWP location, but instead intended for Plaintiffs to work at the Montgomery M&M location.

AMDG and CSXT knew the representations were false when they were made, or AMDG and CSXT made the representations mentioned above with a reckless disregard for their truth or falsity in that upon Plaintiffs completion of the required training, Plaintiffs were notified that they would be working at the Montgomery M&M locations or the Atlanta AWP location.

Plaintiffs reasonably believed and relied on the representations described above and, as a result, were induced to resign from their jobs, to expend money for training, to expend days of time in traveling, and to go for weeks without a paycheck, all of which proved to be futile in that Plaintiffs were not able to accept the position offered by CSXT because it was different from what it had been represented to be. Plaintiffs were forced to work at the Montgomery M&M location or the Atlanta AWP location for less pay or to find employment elsewhere.

2. Defendants' Statement of the Facts:

**a.    Statement of Facts of CSX**

Defendant CSXT is a railroad transportation company operating in the eastern United States and Canada. On December 12, 2005, Plaintiffs applied for positions with CSXT as conductors. On December 27, 2005, Plaintiffs were given conditional offers of employment with CSXT. Those conditional offers of employment indicated that Plaintiff Bolt was being offered a position on the Atlanta A&WP and Plaintiffs Dembo and Snyder were being offered positions with the Montgomery A&WP. The pre-hiring documents completed by Plaintiffs advised Plaintiffs that willingness to relocate was a condition of employment and that they might be required to transfer seniority districts in certain circumstances. Upon graduation from AMDG's conductor training program, Plaintiffs commenced employment with CSXT. After Plaintiffs were placed on the seniority rosters for the above-listed locations of the A&WP, but prior to commencing work at those locations, Plaintiffs were transferred to different seniority districts due to changes in business needs. Although their seniority districts were changed, Plaintiffs continued to report to the same geographic locations for work.

On February 20, 2006, Plaintiff Snyder resigned his employment with CSXT. On May 27, 2006, Plaintiff Dembo resigned his employment with CSXT. Plaintiff Bolt took a medical leave of absence from CSXT in 2006 and has never returned to work.

### b. Statement of Facts of AMDG

AMDG is a Georgia corporation with its principal place of business in Georgia. AMDG does not do any business in Chambers County, Alabama.

AMDG seeks potential employees for training for potential employment with CSXT  AMDG listed potential job vacancies on its website. Plaintiffs submitted electronic applications over the internet on which they listed choices of places of employment. Bolt listed his first, second and third choices Atlanta AWP, Montgomery, and the State of Georgia. Snyder listed his first, second and third choices as Atlanta, Montgomery and the State of Georgia. Dembo listed his first, second and third choices as Montgomery, Montgomery, and the State of Alabama.

AMDG contacted Plaintiffs Dembo and Snyder on or about October 28, 2005 and Plaintiff Bolt on or about November 4, 2005 and notified them that they had been accepted into the AMDG Railroad Conductor Program. The training classes were held at AMDG's office at 200 Galleria Parkway, Atlanta, Georgia. Plaintiffs were told that they were training for openings at the following locations:

Bolt:  AWP – Atlanta

Snyder:   AWP - Montgomery

Dembo:  AWP - Montgomery

All Plaintiffs signed an Agreement Regarding Terms of Training (the "Agreement") that provided that paying tuition to AMDG and completing the training

course did not guarantee "employment with a Class I railroad" and that "employment depends on ….willingness to relocate." The Agreement further provided that "my employer has the right to change the hiring vacancy to which I was assigned upon entering the course."

The Agreement further provided that the "state courts of Cobb County, Georgia and the United States District Court for the Northern District of Georgia, Atlanta Division, shall have exclusive jurisdiction and venue to adjudicate any and all disputes arising out of or in connection with this or any agreement that I may enter into with AMDG…."

All Plaintiffs also executed a release in favor on AMDG on or about December 12, 2005 pursuant to which they released AMDG from liability "arising out of or in any way related to any events, acts or conduct at any time prior to and including the date this is signed, and including but not limited to: all such claims and demands directly or indirectly arising out of or in any way connected with my application for training through or at the AMDG, my involvement in training programs of the AMDG, the termination of that training or the events surrounding the termination; <u>my attempt to secure employment</u> based on my completion of the training ... <u>and claims pursuant to</u> any federal, state or local law, statute or causes of action including but not limited to…….<u>tort law, contract law…fraud…[and] emotional distress….</u>" (emphasis supplied).

CSXT contacted Plaintiffs on or about December 27, 2007 through Denise Purdie. CSXT informed Snyder and Dembo that after completing training, they would report to Montgomery, AWP. CSXT informed Bolt that he would report to Atlanta AWP.

On January 13, 2006, Plaintiffs completed the AMDG conductor training program.

3. This jury action should be ready for trial on <u>October 14, 2008</u>.

4. The parties request a pre-trial conference on or about <u>September 5, 2008</u>.

5. Discovery Plan.

The parties jointly propose the following discovery plan: Discovery will be needed on the following subjects:

    a. Plaintiffs seek discovery on the claims and defenses in this case.

    b. Defendants seek discovery on the claims, defenses and cross claim in this case.

    c. All discovery commenced in time to be completed by <u>July 1, 2008</u>.

6. Initial disclosures as required by Federal Rules of Civil Procedure 26(a)1 will be exchanged by <u>January 16, 2008</u>.

7. The parties request until <u>February 1, 2008</u>, to join additional parties and amend the pleadings.

8. Reports from retained experts under Rule 26(a) due by Plaintiff on <u>April 1, 2008</u>; due by Defendants on <u>May 15, 2008</u>.

9. Pre-Trial Disclosures.

Final list of witnesses and exhibits under Rule 26(a)(3) due <u>from Plaintiffs</u> by <u>July 21, 2008</u> and from <u>Defendants</u> on <u>August 4, 2008</u>. Parties have until <u>August 18, 2008</u> to state objections to the other parties' witnesses and exhibit list.

10. Discovery Limits.

Maximum of 40 Interrogatories by each party to another party. Requests due within thirty (30) days after service. Maximum of 30 Requests for Production by each party to another party. Responses due within thirty (30) days after service. Maximum of 25 Request for Admissions by each party to another party. Responses due within thirty (30) days after service. Maximum of ten (10) depositions by any party. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of parties.

11. All potentially dispositive motions to be filed by June 6, 2008.

12. At this time, the parties estimate that the trial of this jury matter will last approximately three (3) days excluding jury selection.

13. At this time, settlement cannot be evaluated and the parties do not expect that they will be able to properly evaluate settlement <u>until some discovery has been conducted</u>.

14. No other matters at this time.

        **Dillard & Associates, LLC**

        <u>/s/Timothy L. Dillard</u>
        Timothy L. Dillard (DIL 003)
        The Berry Building, Suite 400
        2015 Second Avenue North
        Birmingham, Alabama 35205
        (205) 251-2823
        **Attorney for Plaintiffs**

        **Foltz Martin, LLC**

        <u>/s/Mary Lilian Walker</u>
        Halsey G. Knapp, Jr.
        Georgia Bar No. 425320
        Mary Lillian Walker
        Georgia Bar No. 732370

                                                  Admitted *Pro Hac Vice*
                                                  Five Piedmont Center, Suite 750
                                                  Atlanta, Georgia 30305-1541
                                                  Telephone: (404) 231-9397
                                                  **Attorneys for Defendant AMDG**

**Paul, Hastings, Janofsky
 & Walker LLP**

<u>/s /  William C. Barker</u>
William C. Barker
Ala. Bar No. BAR109
Daniel P. Hart
Ga. Bar No. 141679
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400 (telephone)
**Attorneys for Defendant
CSX Transportation, Inc.**