IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO, <br> PATRICK BOLT, and <br> TIMOTHY SNYDER, <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC. <br> and AMDG, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    3:07-CV-01022-MHT-CSC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CSX TRANSPORTATION INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant CSX Transportation, Inc. ("CSXT") respectfully submits this response in opposition to Plaintiffs' Motion to Remand (Docket No. 25). For the reasons stated below, CSXT respectfully requests that this Court deny Plaintiffs' Motion in its entirety. Alternatively, CSXT respectfully requests that, as a condition of granting Plaintiff's Motion, the Court require Plaintiffs to stipulate that they are not seeking and that they will neither demand nor accept any recovery in excess of $75,000 per Plaintiff exclusive of costs and interest.

**I.     INTRODUCTION**

Plaintiffs would have their proverbial cake and eat it too. Plaintiffs insist that, notwithstanding their failure to plead their claims in the alternative, they *really* meant to plead the six separate counts in their Complaint as alternative theories of recovery for a *total* damages award of less than $75,000, excluding interest and costs, per plaintiff. Yet neither in their Complaint nor even in their Motion to Remand do Plaintiffs expressly admit or stipulate that

they will *not* seek individual damages in excess of $75,000. Since the Alabama Rules of Civil Procedure, like the federal rules, do not limit a plaintiff's damages to the amount demanded in his complaint,[1] Plaintiffs presumably intend to leave open the possibility that, even after coyly insisting that their claims do not meet the threshold $75,000 amount-in-controversy requirement for federal diversity jurisdiction, they may nevertheless recover damages awards that are well in excess of that amount.

Plaintiffs' attempts to achieve this result should be rejected by the Court. As set forth more fully below, this Court should deny Plaintiffs' Motion to Remand because (1) on the face of their Complaint, Plaintiffs seek damages awards in excess of $75,000 per Plaintiff and (2) Plaintiffs have failed to admit or stipulate that they cannot obtain individual damage awards in excess of $75,000.

II. **ARGUMENT AND CITATION OF AUTHORITY**

   A. **On its Face, Plaintiffs' Complaint Seeks Damages Awards in Excess of $75,000 Per Plaintiff.**

As the Eleventh Circuit noted in *Miedema v. Maytag Corp.* – a case on which Plaintiffs themselves rely – in determining whether diversity jurisdiction exists a court first examines "whether 'it is *facially apparent from the complaint* that the amount in controversy exceeds the jurisdictional requirement.'" 450 F.3d 1322, 1330 (11th Cir. 2006) (*citing Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)) (emphasis supplied). *See also Werwinski v. Ford*

---

[1] *See* Ala. R. Civ. P. 54(c) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings"); Fed. R. Civ. P. 54(c) ("every other final judgment [except a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

*Motor Co.*, 286 F.3d 661, 667 (3d Cir. 2002) (amount in controversy must be calculated based on a "reasonable reading" of the complaint).  For purposes of a challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction.  *Id.*  Even if a plaintiff after removal reduces the claim below the requisite amount by stipulation, by affidavit, or by amendment of his pleadings, this does not deprive the district court of jurisdiction.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

    Here, on its face Plaintiffs' Complaint seeks up to $75,000 per Plaintiff in compensatory and punitive damages for *each* of the six separate counts asserted in the Complaint, each of which purports to represent a separate cause of action.  (*See* Complaint, prayers for relief in Counts One through Six).  Thus, based on a reasonable reading of Plaintiffs' Complaint, Plaintiffs' Complaint seeks a *total* award of up to $450,000 in damages for each Plaintiff – an amount that is significantly higher than the jurisdictional requirement.[2]

---

[2] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994), on which Plaintiffs rely, is inapposite to this case.  In *Burns*, the plaintiff's complaint demanded total damages "in such sum as the jury determines to be just, lawful and fair, but not more than $45,000.00."  *Burns*, 31 F.3d at 1093.  Therefore, the Eleventh Circuit held that removal was improper because no jurisdiction existed "on the face of plaintiff's claim."  *Id.* at 1095.  In contrast, Plaintiffs in this case have demanded judgment "in excess of ten thousand dollars ($10,000) and not to exceed seventy-five thousand dollars ($75,000)" on *each* of the six counts in their Complaint.  Plaintiffs' contention that their claims cannot be aggregated for diversity jurisdiction purposes is without merit, as even the authority upon which Plaintiffs rely provides that "[a] plaintiff may aggregate all of the claims she has against a defendant to meet the jurisdictional amount" required under 28 U.S.C. § 1332.  *Holmes v. Boehringer Ingelheim Pharms., Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001).  Although that case also provides that "one claim pleaded in the alternative under separate legal
(continued...)

Plaintiffs attempt to challenge the propriety of removal by arguing for the first time *after removal* that their claims cannot be aggregated because they are alternative theories of recovery for the same injury. Yet nowhere in their Complaint did Plaintiffs intimate that they intended to plead each of their six counts as alternative theories of recovery for the same injury. Particularly in light of the Plaintiffs' failure to expressly disclaim their entitlement to a damages award of more than $75,000, Plaintiffs' post-removal representations regarding the alleged amount in controversy are not sufficient to divest this Court of jurisdiction over Plaintiff's claims.[3] *See also Werwinski*, 286 F.3d at 667 ("a plaintiff's stipulation subsequent to removal as to the amount in controversy or the types of relief sought is of 'no legal significance' to the court's determination) (internal citation omitted).

### B. Plaintiffs' Fail to Admit or Stipulate That They Will Not Seek Damages Awards of More Than $75,000 Per Plaintiff.

Although Plaintiffs cannot divest this Court of subject matter jurisdiction through a post-removal stipulation as to the amount of damages they seek, Plaintiffs notably have *not* admitted or stipulated in their Motion to Remand that they will not seek damages awards in excess of

---

(...continued)
theories *cannot* be aggregated for jurisdictional purposes," *id.* at 868, Plaintiffs did not indicate in their Complaint that they intend to pursue each of their six separate claims as alternative theories of recovery for the same injury.

[3] Plaintiffs reliance on *Hill v. United Ins. Co. of America*, 998 F. Supp. 1333 (M.D. Ala. 1998) is misplaced, as the plaintiff in that case clearly disclaimed her ability to recover separate damages for the two separate claims (breach of contract and fraud), and, therefore, aggregation of her claims was not warranted. *See Hill*, 998 F. Supp. at 1336. In contrast, while Plaintiffs intimate that they are not entitled to recover separate damages on their fraud, misrepresentation, and intentional infliction of emotional distress claims, they fail to clearly disclaim their entitlement to separate damages awards on each claim. Indeed, as noted above, Plaintiffs fail to stipulate or admit that they are not entitled to an award of more than $75,000 per plaintiff.

$75,000, exclusive of interest and costs, per Plaintiff. As noted above, because Ala. R. Civ. P. 54(c) does not limit a plaintiff's damages to the amount demanded in his complaint, Plaintiffs presumably intend to leave open the possibility that, if this case is remanded, they may seek damages awards in excess of $75,000 per Plaintiff after the time for removal has passed.[4]

As the Seventh Circuit has observed, denial of a motion to remand is the "only fair" result where, as here, plaintiffs refuse to admit or stipulate that their damages will not exceed $75,000. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006), cert. denied, 127 S.Ct. 2952 (2007). In that case, the plaintiff filed an action in an Illinois state court, which the defendant then removed to federal court. *Id.* at 510-11. Reviewing the district court's denial of the plaintiff's motion to remand, the Seventh Circuit noted that, although the plaintiff had disclaimed the ability to recover more than $75,000 in her complaint, that disclaimer had no legal effect, since plaintiffs in Illinois (like those in Alabama) are not limited to the amounts they've requested in their complaint. *Id.* at 511. Rather, the court reasoned, if the plaintiff had really wanted to prevent removal, she should have stipulated to damages not exceeding the jurisdictional limit, since a stipulation would have had the same effect as a statute that limits a plaintiff to the recovery sought in the complaint. *Id.* at 511-12. Because the plaintiff had refused to make any such stipulation, the court held that denial of the motion to remand was warranted:

> [A plaintiff] cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount. A contrary result would be unjust. [The plaintiff] might have returned to state court and after the time had passed for removal, amended her complaint and recovered more than $75,000. [The defendant] wanted either to avail itself of federal jurisdiction (to which it was

---

[4] Pursuant to 28 U.S.C. § 1446(b), a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action.

>entitled in the amount in controversy was more than $75,000) or secure a binding commitment from [the plaintiff] that her claims did not exceed $75,000. [The plaintiff] cannot have it both ways – she cannot disclaim damages in excess of $75,000 in order to defeat federal jurisdiction but preserve her right to recover more than that amount by refusing to admit or stipulate to the jurisdictional limit.

*Id.* at 512-13. Accordingly, the court affirmed the district court's denial of the motion to remand.

Here, like the plaintiff in *Oshana*, Plaintiffs have failed to admit or stipulate that they cannot recover damages in excess of $75,000, notwithstanding their post-removal representation that they seek a damages award of less than $75,000 per plaintiff. For the same reasons noted by the Seventh Circuit in *Oshana*, this court should deny Plaintiff's motion to remand, as a contrary result would be unjust. At the very least, if the Court is inclined to grant Plaintiff's motion to remand, CSXT respectfully requests that the Court require Plaintiffs to stipulate that they are not seeking and that they will neither demand not accept any recovery in excess of $75,000 per Plaintiff exclusive of costs and interest.[5]

---

[5] CSXT respectfully notes that Defendant AMDG's Motion to Dismiss for Lack of Personal Jurisdiction or in the Alternative to Transfer (Docket No. 11) is pending. The Supreme Court has held that a district court may in its discretion resolve motions to dismiss for lack of personal jurisdiction before considering motions to remand for lack of subject matter jurisdiction where the court "has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect on subject-matter jurisdiction raises a difficult and novel question." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) (district court properly dismissed case for lack of personal jurisdiction instead of addressing motion to remand that alleged lack of subject matter jurisdiction). As noted in CSXT's response to AMDG's motion to dismiss (Docket No. 29), CSXT is not a signatory to the forum selection agreements between Plaintiffs and AMDG and takes no position regarding the enforceability of those agreements. However, if the Court determines that these agreements are enforceable, and, therefore, that it lacks personal jurisdiction over AMDG, this Court may appropriately transfer this case to the United States District Court for the Northern District of Georgia without first addressing the merits of Plaintiffs' Motion to Remand. It also may dismiss this action on personal jurisdiction grounds with leave for Plaintiffs to re-file this action in the Superior Court of Cobb County, Georgia. Indeed, addressing the merits of AMDG's challenge to personal jurisdiction before addressing the merits of Plaintiff's Motion to Remand would further the

(continued...)

### III.   CONCLUSION

For the reasons stated above, CSXT respectfully requests that this Court deny Plaintiff's Motion for Remand.  In the alternative, CSXT respectfully requests that, as a condition of granting Plaintiffs' Motion to Remand, the Court require Plaintiffs to stipulate that they are not seeking and that they will neither demand not accept any recovery in excess of $75,000 per Plaintiff exclusive of costs and interest.

This 18th day of December, 2007.

Respectfully Submitted,

PAUL, HASTINGS, JANOFSKY
   & WALKER LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2222
(404) 815-2400 (telephone)

  /s / *Daniel P. Hart*
William C. Barker
Ala. Bar No. BAR109
Daniel P. Hart
Ga. Bar No. 141679

Counsel for Defendant
CSX Transportation, Inc.

---

(...continued)

interests of judicial economy, since AMDG's objections to personal jurisdiction will likely remain a live issue in this case even if this action is remanded to the Circuit Court of Chambers County, Alabama.  In contrast, these objections will be resolved if this case is transferred or dismissed on personal jurisdiction grounds.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STEVEN DEMBO, ) | |
| PATRICK BOLT, and ) | |
| TIMOTHY SNYDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 3:07-CV-01022-MHT-CSC |
| ) | |
| CSX TRANSPORTATION, INC. ) | |
| and AMDG, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** has been filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Timothy L. Dillard
Dillard & Associates, L.L.C.
The Berry Building, Ste. 400
2015 Second Avenue North
Birmingham, Alabama 35203

Joe L. Dean, Jr.
Dean & Barrett
457 S. 10th Street
Opelika, Alabama 36801

Halsey G. Knapp, Jr.
Mary Lillian Walker
Foltz Martin, L.L.C.
Five Piedmont Center, Suite 750
Atlanta, Georgia 30305

This the 18th day of December, 2007.

 */s/ Daniel P. Hart*
Attorney for Defendant
CSX Transportation, Inc.

LEGAL_US_E # 77622490.1